Nathaniel Sobkin, J.
In this action the defendant claims that the court lacks jurisdiction of his person. Plaintiff contends that process was served upon the defendant pursuant to subdivision 2 of CPLR 308 by delivery of the summons and complaint on December 7, 1971 to “ Jane ” Parena, a person of suitable age and discretion seated at a desk in the area of the personnel office of the American Can Company at 100 Park Avenue, and mailing a copy thereof to the defendant at his last known residence.
The defendant admitted receiving the process through the mail at his residence and being employed at the time by the American Can Company, but claims his actual place of business was then at the American Can Company office at 30 East 42nd Street.
Mailing alone would not constitute service under subdivision 2 of CPLR 308, even though the process was so received. Delivery of the summons to a person of suitable age and discretion at defendant’s actual place of business is also required. The statute contemplates strict compliance in order to obtain jurisdiction of the defendant by substituted service (Mittleman v. Mittleman, 45 Misc 2d 445, 447-448).
The question for the court is whether the process here was delivered at defendant’s actual place of business within the meaning of the statute. There appears to be no case law on the subject, Thus, the answer to the question is one of first impression.
The defendant did not deny that the summons and complaint were delivered as claimed. He merely offered a conclusory statement that his actual place of business at or about December, 1971, was at 30 East 42nd Street. He gave no facts showing the nature of his employment with the American Can Company, or that he was not physically present with regularity at the Park Avenue address in reference to his work or in connection with his paycheck. He admitted that he is now located at 100 Park Avenue. This address is virtually around the corner from 30 East 42nd Street.
Under the circumstances, the area of the personnel office of American Can Company at 100 Park Avenue was, for the purpose of service, the actual place of business of the defendant. Accordingly, the service was proper and the question of jurisdiction is overruled.