Arthur S. Hirsch, J.
In this medical malpractice action, plaintiff moves to declare the service as to the defendant Dr. Norman valid and to either grant an inquest or direct the service of an answer.
It appears that the summons herein was purportedly served pursuant to CPLR 308 (subd 2) which provides for delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence”.
The summons, directed to Dr. Norman was delivered to the administrator of St. Mary’s Hospital, and a copy was mailed to Dr. Norman at the address of that hospital.
There is no doubt that the hospital constituted the actual place of business of Dr. Norman since this was where he *757 maintained his office. There is also no doubt that the administrator was a person of suitable age and discretion.
What is at issue is whether the mailing to the hospital complied with the statute. Dr. Norman contends that his residence is and has been in Nassau County, not at the hospital, and that the summons should have been mailed to his home.
Prior to September 1, 1971, the statute provided for mailing to the defendant’s last known "address”. In making the change to "residence” the Judicial Conference stated that the change was stylistic and that no substantive effect was intended (Sixteenth Annual Report of NY Judicial Conference, 1971, p 21; 1 Weinstein-Korn-Miller, NY Civ Prac, par 308.13a).
Clearly, the address of the hospital, being the only address listed for Dr. Norman in the New York State Medical Directory, is his last known address, and one which would serve to insure notice to him. In view of the intent of the statute heretofore set forth, this address is sufficient to satisfy the requirements for valid service.
Accordingly, the motion is granted and the defendant, Dr. Norman, is directed to serve his answer within 20 days of service upon him of a copy of the order to be entered herein with notice of entry.