■ SHEPHERD WOLL, Respondent, v CHARLES RAFFA, Appellant.

In September 1973 the plaintiff, as the seller, and the defendant, as the purchaser, entered into a written agreement for the sale of certain real property located in Brooklyn, New York. The total purchase price was $12,000. At the time of the signing of the contract, the defendant paid the sum of $1,200. The closing took place on February 15, 1974, and pursuant to their agreement, the defendant paid to the plaintiff the additional sum of $4,800. The unpaid balance of $6,000 was payable three years from the date of the closing, with interest. According to the plaintiff, at the closing the defendant executed and delivered a bond and mortgage securing the balance due. However, despite repeated demands by the plaintiff, the defendant never paid any part of the moneys due.

The plaintiff commenced this action in 1984, relying in his complaint upon a letter dated April 20, 1978, and a memorandum dated July 24, 1978, allegedly from the defendant acknowledging the unpaid balance due and promising the plain-

tiff that it would be paid. In his amended verified answer, the defendant denied knowledge and information sufficient to form a belief as to the truth of the plaintiff's allegations concerning the contract and closing for the real property, and denied the allegations concerning the moneys due and the correspondence from the defendant to the plaintiff acknowledging the debt. The defendant also asserted the affirmative defenses of lack of personal jurisdiction and that the action was barred by the Statute of Limitations.

During the trial, the plaintiff's process server testified that he personally served the summons and complaint upon the defendant at his residence in Brooklyn on September 7, 1984. The plaintiff testified that he observed the defendant signing the subject contract and other documents relating to the closing, and that in his opinion, the signature on the letter acknowledging the balance due was that of the defendant. The plaintiff's attorney also testified that on July 19, 1984, he delivered a copy of the summons and complaint to the Sheriff of Queens County and filed the originals with the County Clerk in Queens in order to obtain the 60-day tolling of the Statute of Limitations under CPLR 203 (b) (5). He explained that he selected Queens County because he did not know where the defendant resided, he knew that the defendant had been in and out of the hospital on several occasions during May through September 1984 and that the defendant had a business office in the past in Queens County.

The defendant did not appear at trial to testify, and his attorney gave no explanation for his absence. However, one witness, his bookkeeper, testified on his behalf, stating that he commenced his employment in March 1981 and that he was familiar with the defendant's signature as he had observed the defendant signing an average of 10 checks per day and correspondence. He stated that in his opinion, the signatures on the letter and memorandum, relied upon by the plaintiff, were not those of the defendant. He also stated that the defendant moved his office from Queens to Brooklyn in February 1982 and that as far as he knew, the defendant always resided in Brooklyn. At the close of all evidence, the trial court denied the defendant's motion for a directed verdict in his favor, and granted the plaintiff's motion for judgment against the defendant. In reaching this determination, the trial court rejected the defendant's argument that issues of fact existed which should be submitted to the jury, and stated that upon all of the evidence presented, by no rational process could the jury have found in favor of the defendant (see, Blum

*v Fresh Grown Preserve Corp.,* 292 NY 241, 245). The trial court also concluded that the plaintiff properly filed the summons and complaint in Queens County, thereby obtaining the 60-day tolling of the Statute of Limitations under CPLR 203 (b) (5), and effected personal service upon the defendant within the 60-day period.

On this appeal, the defendant contends that the trial court erred in concluding that the action was not barred by the Statute of Limitations. He points out that his actual place of residence and of business is in Kings County, and that the plaintiff's filing of the summons and complaint in Queens County was therefore improper and did not provide a basis to toll the running of the Statute of Limitations under CPLR 203 (b) (5). We find no merit to this contention as the record indicates that the plaintiff fulfilled the purpose of the statute by filing the summons and complaint in the county of the defendant's last known place of business, Queens County, after making reasonable inquiry to determine his actual whereabouts *(see, e.g., Scher v Kronman,* 70 AD2d 354).

However, we agree with the defendant's further contention that the court erred in failing to submit the issue to the jury concerning the authenticity of the correspondence attributed to the defendant. The defendant correctly argues that the trial court improperly determined the credibility of the witnesses and the weight to be given to the evidence on this issue. Although the plaintiff presented strong evidence in his favor, the testimony of the defendant's bookkeeper, as well as a comparison of the signatures on those documents against the signatures on the contract and mortgage, indicate that a genuine issue of fact exists which should have been submitted to the jury for its determination. Accordingly, on this record it cannot be concluded that the jury could not have credited the bookkeeper's testimony and found in favor of the defendant by any rational process *(see, e.g., Thomas v City of New York,* 25 AD2d 787; *cf. Blum v Fresh Grown Preserve Corp., supra).* We note that the defendant presented no evidence challenging the plaintiff's claim as to the amount of the unpaid balance due. Under these circumstances, a new trial is granted solely as to the issue of the authenticity of the signatures on the subject documents. In the event that the signatures are found to be the defendant's, judgment is to be entered in favor of the plaintiff in the principal sum of $11,373.66. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.