■ DENNIS MAYER, as Father and Natural Guardian of BRYAN MAYER, an Infant, Respondent, v MICHAEL MAUNG, Defendant, and BENEDICTUS BAHK, Appellant.—Order unanimously affirmed with costs. Memorandum: The record establishes that plaintiff complied with CPLR 203 (b) (5) by deliver-

ing the summons and complaint to the Sheriff of Niagara County, the county of defendant's last known residence, after making "reasonable inquiry" to determine defendant's actual whereabouts *(Buterbaugh v Resue,* 116 AD2d 978; *see also, e.g., Woll v Raffa,* 124 AD2d 726; *Scher v Kronman,* 70 AD2d 354; *Rossi v Oristian,* 50 AD2d 44). It is undisputed that the summons and complaint were personally served upon defendant within 60 days after the Statute of Limitations would have expired but for the statutory toll provided in CPLR 203 (b) (5). The fact that defendant actually resided at that time in Erie County is not controlling. After all usual efforts to locate defendant's current address did not disclose a different address, it was reasonable for plaintiff to rely upon the address listed in the current volume of the medical directory and to believe that defendant still resided in Niagara County. (Appeal from order of Supreme Court, Erie County, Gossel, J.—strike affirmative defense.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.