*838 OPINION OF THE COURT
Louis B. York, J.
A traverse was held in this action to determine whether plaintiff’s service of the summons and complaint was defective pursuant to CPLR 308 (2). Plaintiff’s affidavit of service indicates that its process server attempted to comply with CPLR 308 (2) by delivering a copy of the summons and complaint to defendant’s alleged place of business and by mailing a copy to defendant’s last known address.
Plaintiff’s records indicate defendant’s last known address and plaintiff’s witness testified as to how this address was obtained. This testimony is credible and the court finds that the plaintiff has satisfied the mailing prong of CPLR 308 (2).
As to the delivery prong, plaintiff’s process server allegedly delivered a copy of the summons and complaint to St. Luke’s Hospital at 421 West 113th Street. The process server did not testify and the plaintiff sought to prove his case by calling the defendant to testify. However, defendant testified that although she is employed by St. Luke’s, the hospital complex consists of approximately 11 buildings and she worked in the Department of Psychiatry located at Amsterdam Avenue and 114th Street. In addition, defendant testified that she never received the summons and complaint and, in fact, only became aware of the judgment entered against her in a later obtained credit report.
Plaintiff has the burden to show that service satisfied CPLR 308 (2). Once defendant testified that she was not served, the presumption of adequate service created by the process server’s affidavit was rebutted and plaintiff had the burden of going forward to show evidence that the acts of service were in fact carried out. (Jacobs v Zurich Ins. Co., 53 AD2d 524, 525 [1st Dept 1976].) Without the testimony of the process server, the plaintiff failed to satisfy this burden.
Further, even if the process server had testified as to delivery, as alleged, the service would not have been upheld. 421 West 113th Street was not defendant’s "actual place of business” and, therefore, delivery thereto did not satisfy the requirements of CPLR 308 (2).
The service provisions of the CPLR are calculated to insure that the due process requirements are satisfied when a plaintiff institutes a lawsuit. Defendant is entitled to notice of the suit and a plaintiff must strictly satisfy the applicable service statute. (Raschel v Rish, 69 NY2d 694, 696 [1986]; see also, *839 Leab v Streit, 584 F Supp 748 [SD NY 1984].) CPLR 308 provides in pertinent part that:
"Personal service upon a natural person shall be made by any of the following methods: * * *
"2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by * * * mailing the summons to the person to be served at his or her last known residence” (emphasis added).
Unlike the mailing requirement, the delivery requirement is only satisfied if the delivery is made to the current workplace or dwelling.
In the instant case, plaintiff attempted to satisfy this requirement by making delivery to defendant’s actual place of business. It has been held that delivery to a receptionist or telephone operator where defendant has an office in the building satisfies CPLR 308 (2). (Townsend v Hanks, 140 AD2d 162 [1st Dept 1988]; Abilia v Hillcrest Gen. Hosp., 124 AD2d 499 [1st Dept 1986].) However, questions arise where defendant is employed by an entity that has more than one department or is located in more than one building.
In Colon v Beekman Downtown Hosp. (111 AD2d 841 [2d Dept 1985]), plaintiff delivered the summons and complaint to an administrator at the hospital where the individual defendant, a staff anesthesiologist, was employed. Defendant conceded receiving a copy of the summons and complaint but challenged the service because his "actual place of business” was the Department of Anesthesiology and not the hospital’s administration office. The court held that since the defendant had not shown any place of business other than Beekman Downtown Hospital, the service on a person in the administration office satisfied CPLR 308 (2). (See also, Chalk v Catholic Med. Center, 87 Misc 2d 756 [Sup Ct, Kings County 1976], read on other grounds 58 AD2d 822 [2d Dept 1977].)
In Di Guiseppe v Di Guiseppe (70 Misc 2d 188 [Civ Ct, NY County 1972]), the plaintiff delivered the summons and complaint to a person in the personnel office of the American Can Company. The defendant admits that he was employed by the American Can Company but he challenged the service in that he claims his "actual place of business” is 30 East 42nd Street and not 100 Park Avenue — the location of the personnel office. Defendant, however, failed to make a showing that he was not "physically present with regularity” at the Park Avenue *840 address regarding his work or collecting his paycheck. (Supra, at 189.) Thus the court held that the service was proper.
Here, plaintiff claims to have delivered a copy of the summons and complaint to defendant’s co-worker, Sally Collado, at St. Luke’s Hospital, at 421 West 113th Street. Defendant testified that although she is employed by St. Luke’s, her workplace is the Department of Psychiatry located at Amsterdam Avenue and 114th Street. Defendant testified that 421 West 113th Street does not contain administrative or personnel offices, but rather houses medical records and some patient services are performed there. Defendant further testified that she does not know Sally Collado.
The plaintiffs witness testified that his records indicated 421 West 113th Street as defendant’s address but he could not testify as to how this information was obtained. The authorities cited illustrate that if the place of business was large and at more than one single location, service on the administrative or personnel office would satisfy CPLR 308 (2) since the staff of these offices have an obligation to meet the employee’s needs. (Di Guiseppe v Di Guiseppe, supra; Colon v Beekman Downtown Med. Center, supra.)
Here, St. Luke’s is a vast institution consisting of a number of buildings. The administration or personnel office is not located in the building at 421 West 113th Street. There was no testimony as to Sally Collado’s position, however her employment at a nonadministrative department would seem to indicate that she would not be responsible to deliver the summons and complaint to defendant.
Thus, delivery of the summons and complaint to a department totally unrelated to that of defendant and one that does not include hospital administration could not be relied upon to come to defendant’s attention as the statute contemplates. Therefore, the service was defective and this action is dismissed.