OPINION OF THE COURT
Arthur W. Lonschein, J.
This action presents the question of whether a hospital, wherein a private surgeon has privileges and performs operations but by which he is not employed, constitutes his "actual place of business” for purposes of effecting service of process pursuant to CPLR 308 (2). The court holds that it does not, and the complaint as against the defendant K. Venkata Krishnasastry, sued here as Dr. K. V. Sastry, is served and dismissed.
*876 The defendant Krishnasastry is a vascular surgeon, who at the time of the purported service of the summons upon him maintained offices in Great Neck and in Flushing. His status at Booth Memorial Medical Center was as an attending surgeon. That is to say, he was not an employee of the hospital but was allowed to and in fact did perform surgery there. He had a similar relationship with North Shore University Hospital and Long Island Jewish Hospital.
The affidavit of the process server states that he "called at” the defendant’s office in Flushing, and was told that he was working at Booth Memorial. The affidavit is unclear as to whether this call was made in person or by telephone, but in either event, it is not claimed that the process server left a copy of the summons and complaint with anyone in the office. The process server then went to Booth Memorial. Unable to find the defendant after having him paged, the process server was directed to the hospital’s Risk Management Office, which accepted the summons and complaint. The process server then mailed a copy of the summons and complaint to the defendant at .Booth Memorial.
Plaintiffs claim to have made proper service of the summons and complaint pursuant to that portion of CPLR 308 (2) which authorizes delivery of a copy to a person of suitable age and discretion at the defendant’s actual place of business, followed by mailing, which may also be to the actual place of business. It is their contention that since the defendant actually performed surgery at Booth Memorial (including the surgery upon plaintiffs’ decedent) and billed his patients for such surgery, Booth Memorial constitutes his "actual place of business”.
The closest the courts have come to deciding such a case is Raschel v Rish (69 NY2d 694) where service upon a physician and a hospital, purportedly made by delivery of a single copy of the summons and complaint to the hospital administrator and mailing of a copy to the physician’s home, was held invalid as to the physician. A prior opinion in the case established that, while the physician was not an employee of the hospital, he was a part owner, president of its board of directors, and its chief of plastic surgery. (Raschel v Rish, 110 AD2d 1067.) Even with that level of involvement with the hospital, the Court of Appeals described the administrator only as "conceivably” an appropriate person to take delivery under CPLR 308 (2) (supra, 69 NY2d, at 697). The issue was not decided, however, since it was held that the delivery of the *877 single summons and complaint to the administrator was not reasonably calculated to give notice to the physician. This action presents the issue squarely, without any complicating factors of the physician’s proprietary or management status at the hospital.
Personal service by way of delivery to a suitable person at a defendant’s actual place of business is allowed because it is presumed that the business relationship between the deliveree and the defendant will induce the prompt redelivery of the summons to the defendant. For that reason, service is invalid if the delivery is made at a place where the defendant maintained his place of business in the past, but does not do so at the time of service (see, Feinstein v Bergner, 48 NY2d 234). The fact that a defendant does business in a given place does not necessarily make it his place of business. There must be an identification of the defendant’s business with the place, such as comes with employment or proprietorship, which is missing from Krishnasastry’s relationship with Booth Memorial.
Dr. Krishnasastry’s counsel offers an apt analogy: the fact that a trial attorney performs professional services in a courthouse does not make him amenable to service of process by way of delivery to one of the court clerks. Even if the clerk were to accept such delivery, and then in fact redelivered the process to the attorney, service could not be sustained.
Here, it is certainly true that the defendant Krishnasastry had a professional relationship with Booth Memorial, which entailed his physical presence there on a regular basis to render professional services. There was nothing in the relationship, however, which tended to identify his business with Booth Memorial, or Booth Memorial with his business. He had a similar relationship with other hospitals, and it cannot be claimed that he was amenable to service at all of them. It appears that delivery was made at Booth Memorial because it was there that surgery was performed on the plaintiffs’ decedent, but that fact is of no apparent jurisdictional significance.
Plaintiffs rely on Gabriel v Beth Israel Med. Center (121 Misc 2d 351) wherein a physician was estopped from asserting that the address of the billing service that rendered his bills was not his actual place of business. That case, however, is clearly distinguishable from this, since Dr. Krishnasastry maintained his own offices and rendered his own bills from those offices. There is nothing in this case to indicate that Dr. *878 Krishnasastry held out Booth Memorial as his actual business address, or indicated that his status there was as an employee, or did anything to indicate that he was amenable to service there. Quite the contrary is true: his bills indicated clearly that his offices were separate and apart from Booth Memorial. The process server in fact called at his offices first, and could easily have made proper service there. There is nothing here to justify an estoppel against the defendant.
Therefore, service was not properly made, and the complaint as against the defendant Krishnasastry shall be severed and dismissed.