OPINION OF THE COURT
Herman Cahn, J.
Defendants move to dismiss the complaint on the grounds of lack of personal jurisdiction pursuant to CPLR 3211 (a) (8) and in the alternative dismissing the first and second causes of action for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Defendants also seek a protective order pursuant to CPLR 3122 striking plaintiff’s request for discovery.
*955 Plaintiff is the current owner of premises 1414 Avenue of the Americas, New York, N.Y. Defendants Gene Simmons and Paul Stanley are well known musicians, both being members of the rock and roll group "Kiss”. Simmons Stanley Ltd. (SSL) is a corporation in which both Gene Simmons and Paul Stanley have some interest. The Kiss Company is alleged to be a New York partnership, while the other defendants are unknown entities allegedly utilized by Simmons and Stanley to conduct their business affairs.
SSL entered into a lease with plaintiff’s predecessor-in-interest in 1988 for one floor in 1414 Avenue of the Americas. The lease was to expire in 2003. However, plaintiff alleges SSL abandoned the premises. Plaintiff seeks rent and damages.
On July 30, 1991 four copies of the summons and complaint were served upon Cynthia Lane, an SSL employee, at SSL’s offices in Jersey City, New Jersey. Lane states, by affidavit, that she is not authorized to accept service on behalf of any of the defendants, and so informed the process server. Apparently service upon SSL has since been made by service on the Secretary of State, and therefore the court need not address the issue of service on SSL.
Simmons and Stanley submitted affidavits stating that they reside in California and conduct their business primarily from their homes, recording studios, or concert halls. They both state that although they are officers of corporations and have interests in entities that conduct business at the Jersey City location, it is not their "actual place of business” and they both state that they have never even been to that location. Defendants’ factual assertions are essentially undisputed.
CPLR 308 (2) provides in relevant part that personal service upon a natural person can be made "2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business * * * of the person to be served and by either mailing the summons to * * * such delivery and mailing to be effected within twenty days of each other” (emphasis added).
Very few reported decisions have considered the issue of the definition of "actual place of business” within the meaning of the statute. In Colon v Beekman Downtown Hosp. (111 AD2d 841) plaintiff served a summons and complaint on the individual defendant, by delivery to an administrator at the hospital where he was a staff anesthesiologist. The defendant maintained that his "actual place of business” was the Department *956 of Anesthesiology and not the hospital administration office. The court held that "[s]ince defendant had shown no actual place of business other than Beekman Downtown Hospital, service upon a person of suitable age and discretion in the administration office comported with the requirements of CPLR 308 (2).”
In Glasser v Keller (149 Misc 2d 875), plaintiff served a summons and complaint on the office of a hospital at which defendant was an attending physician with surgery privileges but not on the hospital staff. The court held that "[t]he fact that a defendant does business in a given place does not necessarily make it his place of business. There must be an identification of the defendant’s business with the place, such as comes with employment or proprietorship” (supra, at 877).
In New York State Higher Educ. Servs. Corp. v Srebrenik (148 Misc 2d 837) plaintiff served a summons and complaint addressed to a nonadministrative employee of a large metropolitan hospital with many buildings. Defendant claimed that she worked in a building and department other than where the summons and complaint were delivered. The court held that "delivery of the summons and complaint to a department totally unrelated to that of defendant and one that does not include hospital administration could not be relied upon to come to defendant’s attention as the statute contemplates.” (Supra, at 840.)
In Di Guiseppe v Di Guiseppe (70 Misc 2d 188) plaintiff delivered a summons and complaint to a person in the personnel office of the American Can Company, plaintiff’s employer, at 100 Park Avenue. Defendant maintained that his actual place of business was at 30 East 42nd Street and not at 100 Park Avenue. The court held that since defendant failed to show that he was not "physically present with regularity” at the Park Avenue address, service was proper.
The service provisions of the CPLR are calculated to insure that the due process requirements of notice of pendency of the action, as required by the Constitution are satisfied when service is effected. The method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections”. (Mullane v Central Hanover Trust Co., 339 US 306, 314; see also, Raschel v Risk, 69 NY2d 694; Bossuk v Steinberg, 58 NY2d 916.) The service provisions of CPLR 308 (2) have been construed strictly. (See, *957 Leab v Streit, 584 F Supp 748, 759 [SD NY 1984].) "When the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents”. (Raschel v Risk, supra, at 697.)
Here, it is undisputed that the individual defendants themselves do not physically conduct business from the Jersey City location. In fact they have never even been at that location. These defendants have interests in entities that conduct business from that location. The Jersey City location cannot be construed as their actual place of business within the meaning of the statute. In order for a place to be a person’s "actual place of business”, that person must be shown to regularly transact business at that place. All the cases discussed above, even when finding service defective, involved the physical proximity of the defendant to the place of service. Although the court could visualize circumstances when the transaction of business sufficient to constitute a place as an "actual place of business” was done without the person’s presence, that is not the case here. In this action defendants actually and regularly conduct their business thousands of miles away in California. Accordingly, service upon the individual defendants is defective and the action is dismissed as against them.
Additionally, the action is dismissed as against The Kiss Company, as service has not been completed upon any of its individual partners. (CPLR 310.)
That part of the motion addressed to the second cause of action is denied as premature. That cause of action involves individuals and entities not yet served and, accordingly, the court will not address its sufficiency at this time.
As to the first cause of action plaintiff and defendants are agreed that plaintiff has no right to acceleration of the entire balance of rent for the lease term (see, Maflo Holding Corp. v S.J. Blume, Inc., 308 NY 570; Martin v Glenzan Assocs., 75 AD2d 660). Paragraph 18 of the lease provides in relevant part that in case of default: "Tenant or the legal representatives of Tenant shall also pay Landlord as liquidated damages for the failure of Tenant to observe and perform said Tenant’s covenants herein contained, any deficiency between the rent hereby reserved and or covenanted to be paid and the net amount, if any, of the rents collected on account of the lease or leases of the demised premises for each month of the period which would otherwise have constituted the balance of the term of this lease. The failure of Landlord to re-let the *958 premises or any part or parts thereof shall not release or affect Tenants liability for damages.”
Insofar as the first cause of action seeks a judgment "declaring that defendants shall continue to be liable for liquidated damages’ as calculated pursuant to lease paragraph 18 through August 31, 2003” it clearly states a proper cause of action and does not seek an accelerated payment of the entire balance of the rent due through the date of expiration of the lease. (See, 186-90 Joralemon Assocs. v Dianzon, 161 AD2d 329.) Accordingly, the branch of the motion seeking dismissal of such cause of action is denied.
The parties are directed to contact the clerk of Part 49, for the purpose of scheduling a preliminary conference concerning all outstanding discovery issues, within 10 days of service of a copy of this decision with notice of entry of the order to be settled herein. The branch of the motion seeking a protective order will be considered then.