OPINION OF THE COURT
Alan D. Oshrin, J.
Defendants Watermill Heights Associates and Elliot Gallin’s CPLR 5015 (a) (4) application to vacate the judgment of foreclosure for lack of personal jurisdiction is granted to the extent that a hearing shall be held.
*247 The defendants Watermill Heights Associates and Elliot Gallin move to vacate the judgment of foreclosure and to enjoin a potential sale of the real property on the ground that service of process was not properly made, and that the court lacks personal jurisdiction over such defendants by delivery of a copy of the summons and complaint to one Neil Grossman as a person of suitable age and discretion at 26 Hampton Road, Southampton, New York, stated to be Mr. Gallin’s "actual place of business”, and the subsequent mailing to such address.
Mr. Gallin who is a general partner in Watermill Heights Associates states that his actual place of business at the time of alleged service was 25 Mitchell Road, Westhampton Beach, New York, which was also the business address of Watermill Heights Associates; that prior thereto, his actual place of business was 18 Tuttle Place, Westhampton Beach, New York; that 26 Hampton Road, Southampton, New York, has never been his actual place of business, nor has it ever been the place of business of Watermill Heights Associates. The defendants further contend that service upon Mr. Gallin as a general partner of Watermill Heights Associates is ineffective because it is not in compliance with the provisions of CPLR 310 (b); that Neil Grossman has never been associated in any way with the defendant, Watermill Heights Associates, and that Mr. Gallin never received copies of the summons and complaint.
In opposition, the plaintiff submitted an affidavit from the process server, Barclay J. Keating, who states that upon being retained to effectuate service, he went to 25 Mitchell Road on two occasions and no one was present; that he went to 18 Tuttle Place, found it to be a condominium unit and was told by occupants that the prior residents had moved out; that he next contacted a local real estate broker who informed him that the defendant operated a deli/grocery store at 26 Hampton Road, Southampton, New York. Mr. Keating then states that he went to the store on September 7, 1991 and that he spoke with one Neil Grossman, who first said that Mr. Gallin was in the back, then returned and said that Mr. Gallin had left through the back door. At that point, two copies of the summons and complaint were handed to Mr. Grossman and copies mailed to the defendant at 26 Hampton Road, Southampton, New York, in envelopes marked personal and confidential.
*248 Mr. Keating further states that upon the making of the present motion he made further investigation. Mr. Keating learned on December 14, 1992 that although Mr. Gallin owns a condominium unit at 18 Tuttle Place, Westhampton Beach, he had rented it a year or more before. Mr. Keating also learned on December 14, 1992 from a Thomas Dooley and Mathew Doris that they operated a deli/grocery known as Sage and Sorrel prior to September 1991; that Mr. Gallin took over the business and in September 1991 was operating such business under the same name; that at the time Mr. Gallin had an office in the rear of the store; that subsequently Mr. Gallin abandoned the business; and that they returned to operate the business without paying Mr. Gallin anything to do so.
Prior to its amendment, effective July 15, 1991, CPLR 310 provided that "[pjersonal service upon persons conducting a business as a partnership may be made by personally serving the summons within the state upon any one of them”. It had been said that in authorizing personal service upon a partner CPLR 310 implicitly invoked the substituted service provisions found in CPLR 308 (2), (3), (4) and (5) (see, 1 Weinstein-KornMiller, NY Civ Prac j| 310.01; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C310:l, 1993 Pocket Part; Searing v Anand, 127 AD2d 582 [1987]; Hickey v Naruth Realty Corp., 71 AD2d 668 [1979]).
After July 15, 1991 service of process upon a partnership could be effectuated by any one of five authorized methods. The 1991 amendment retained what had been the entire text of CPLR 310 in what is now subdivision (a), with one change in language — the deletion of the within-the-State restriction. Subdivisions (b), (c), (d) and (e) were added, explicitly authorizing a wide variety of devices for obtaining jurisdiction over a partnership in New York courts (see, 1 Weinstein-Korn-Miller, NY Civ Prac, fifí 310.01, 310.02). CPLR 310 (a) provides for personal service upon persons conducting a business as a partnership by personally serving the summons on any one of them.
CPLR 310 (b) provides for personal service upon the partnership by delivering the summons to the managing or general agent of the partnership or the person in charge of the office of the partnership within the State, with a subsequent mailing to the partner intended to be served. CPLR 310 (c) provides for service upon the partnership by affixing a copy of the summons to the actual place of business of the partner *249 ship within the State and a subsequent mailing to the partner intended to be served when service cannot be effectuated under subdivisions (a) or (b) with due diligence. CPLR 310 (d) provides for service upon the partnership by delivering the summons to any other agent or employee authorized by appointment to receive service. CPLR 310 (e) provides for service in a manner directed by the court when service is impracticable under subdivisions (a), (b) and (c).
The threshold question for this court’s determination is whether the alternative methods for personal service under CPLR 308, incorporated into the prior version of CPLR 310 by use of the term "personally serving”, are to be incorporated into the new CPLR 310 (a). One commentator opines that because of the specific alternative methods for service of process contained in subdivisions (b), (c), (d) and (e) "personal service” on a partner under subdivision (a) should be construed to be "personal delivery” and that CPLR 308 should no longer be resorted to for service on partnerships (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C310:l, 1993 Pocket Part). This court does not agree.
An examination of the legislative history of the 1991 amendment (L 1991, ch 338) reveals that neither a legislative nor an executive memorandum was filed relating to chapter 338 of the Laws of 1991. There is, however, a memorandum of the Office of Court Administration which indicates that the Chief Administrator’s Advisory Committee on Civil Practice supports the provisions of the amendment because under present law it is often difficult to effect service upon a partnership (see, 1991 McKinney’s Session Laws of NY, at 2404). If the purpose of the 1991 amendment was to enlarge the methods for effecting service of process upon a partnership to remedy an acknowledged problem area, it would be inconsistent to at the same time restrict the manner of service to "personal delivery” upon a partner when "personal service” upon a partner was formerly permitted. This court will not adopt an interpretation of the new CPLR 310 (a) which ignores the plain language of the statute and the case law under the prior statute which incorporated the full panoply of CPLR 308 methods of service into the term "personally serving” as contained in CPLR former 310 so as to construe "personally serving” as contained in the new CPLR 310 (a) to mean "personally delivering”. Had this been the intention of the Legislature it could have easily done so.
*250 Having concluded that the methods of service under CPLR 308 remain available to a plaintiff attempting to effect service of process upon a partnership after the 1991 amendment to CPLR 310, the court will now address the CPLR 308 (2) substituted service attempted herein. CPLR 308 (2) provides for personal service upon a natural person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served, with a subsequent mailing to the person to be served at his last known address or actual place of business.
It is not material that 26 Hampton Road, Southampton, New York, may not have been an actual place for partnership business for the relevant consideration is the actual place of business of the person to be served. Service upon Elliot Gallin by delivery of a summons to a person of suitable age and discretion at 26 Hampton Road with the appropriate subsequent mailing would afford this court jurisdiction over Mr. Gallin as a partner in Watermill Heights Associates and the partnership, if 26 Hampton Road was Mr. Gallin’s actual place of business.
It has been held that the fact that a defendant does business in a given place does not necessarily make it “his” place of business and that there must be an identification of the defendant’s business with the place as comes with employment or proprietorship (see, Glasser v Keller, 149 Misc 2d 875 [1991]). It has also been held that in order for a place to be a person’s “actual place of business” that person must be physically present with regularity (see, DiGiuseppe v DiGiuseppe, 70 Misc 2d 188 [1972]) and must be shown to regularly transact, business at that place (see, Anon Realty Assocs. v Simmons Stanley, 153 Misc 2d 954 [1992]). A defendant who has an interest in an entity conducting business from a given place but who himself does not regularly transact business at such place cannot be said to have such place as his "actual place of business” (see, Anon Realty Assocs. v Simmons Stanley, 153 Misc 2d 954, supra).
Mr. Gallin denies that 26 Hampton Road has ever been his actual place of business and states that his actual place of business at the time of service was 25 Mitchell Road, Westhampton Beach, New York. Mr. Keating, the process server, states that he was advised that Mr. Gallin operated a deli/ grocery at 26 Hampton Road and had an office in the back of *251 the store at the time of service. Accordingly, a hearing to determine whether Mr. Gallin ever conducted business at 26 Hampton Road and, if so, the regularity of his physical presence and the regularity with which he transacted business there will be held.