*130 OPINION OF THE COURT
Stanley L. Sklar, J.
Is a doctor’s office at a university hospital his principal place of business for service of process while he is on sabbatical in Korea where he is engaged in teaching and research? I hold that it is not.
Defendant In-Chul Song, M.D. moves pursuant to CPLR 5015 to vacate a default entered against him. Plaintiffs Seung Ja Cho and Dali Hon Cho oppose vacatur of the default. Seung Ja Cho alleges that she came to defendant plastic surgeon’s office at 800A Fifth Avenue, New York City for a chemical peel treatment. Seung Ja Cho alleges that she had a severe adverse reaction to this treatment.
On July 29, 1994 plaintiffs commenced this action by filing the summons and complaint with the County Clerk. Dr. Song claims that on July 21, 1994 and July 29, 1994 plaintiffs’ counsel spoke to defendant’s insurance carrier and gave a copy of a proposed draft of the summons and complaint to the carrier, and that plaintiffs’ counsel was told either that Dr. Song was in Korea "or [that he] would soon be leaving on sabbatical.” Assuming plaintiffs’ counsel was told that Dr. Song was out of the country there was no indication as to when he would return or that he no longer maintained an office in Brooklyn. Assuming counsel was told that Dr. Song would soon be leaving on sabbatical there is no indication that counsel was told when he would be leaving.
The complaint asserts three causes of action sounding in medical malpractice as a result of departures from standards of good and accepted practice, a lack of informed consent and loss of services. The service of the summons and complaint was accomplished by personally serving the papers on defendant’s personal secretary, Terry Weatherspoon, on August 12, 1994 at 4:35 p.m. at 450 Clarkson Avenue, Brooklyn, New York (where Dr. Song is a professor and chief of the plastic surgery division at the Health and Science Center of Brooklyn, previously known as SUNY-Downtown), and by mailing a copy of these papers to Dr. Song’s last known residence, 35 Sutton Place, New York, New York. Dr. Song alleges that prior to this service he went, on July 13, 1994, to Korea on a one-year sabbatical from his positions at the Health and Science Center intending to return on August 31, 1995.
Dr. Song failed to timely answer the complaint. Plaintiffs moved for a default judgment. On October 14, 1994 the court *131 granted a default in favor of plaintiffs, held that plaintiffs may hold an inquest as to liability and damages, and directed plaintiffs to "[s]ettle [the] order which shall also provide for calendaring this matter” (decision by this court, Oct. 4, 1994). On November 4, 1994 plaintiffs served Dr. Song with "the notice of the proposed order with notice of settlement” at 800A Fifth Avenue (i.e., Dr. Song’s office where Mrs. Cho’s medical treatment was rendered) and at 35 Sutton Place (i.e., Dr. Song’s last known residence), both in New York City. The proposed order mailed to the 800A Fifth Avenue office was returned as "[florwarding order expired.” Thereafter plaintiffs filed a note of issue* placing this case on the Trial Calendar and demanding a jury trial. On November 18, 1994 plaintiffs’ counsel contacted defendant’s insurance carrier and gave the carrier a courtesy copy of the default order against Dr. Song with notice of entry and note of issue. Dr. Song alleges that on December 20, 1994 his insurance carrier contacted him about the lawsuit and default judgment. It is claimed that Dr. Song, who was allegedly out of the country at the time, returned to the United States to defend himself in the lawsuit. While here, plaintiffs attempted to serve Dr. Song again, this time outside a building in which Dr. Song owns another apartment. The process server told Dr. Song that he had legal papers to give him and claims that Dr. Song refused to accept them. So the process server tucked the papers under Dr. Song’s arm and informed him that he had been served. On January 14, 1995 it appears that Dr. Song returned to Korea and did not expect to return to the United States until August 31, 1995. On oral argument defense counsel conceded that the January 13, 1995 service was valid and indicated that in any answer served with respect to the complaint served on January 13, 1995 his client would not assert a jurisdictional or Statute of Limitations defense. During a conference call among both defense counsel and me on July 31, 1995 defense counsel confirmed the validity of the January 13, 1995 service and indicated that he was waiving any jurisdictional and Statute of Limitations defenses based on that service.
On March 2, 1995 Dr. Song moved to vacate the default judgment based on the earlier service urging that he had a reasonable excuse for the default, a meritorious defense to the action, and that no prejudice would result to plaintiffs in vacating the default. With this motion Dr. Song also submitted a proposed *132 answer stating several affirmative defenses including lack of jurisdiction due to improper service, Statute of Limitations, and the defenses to an informed consent claim set forth in Public Health Law § 2805-d.
In New York it is well established that CPLR 5015 governs motions for vacating default judgments and orders. CPLR 5015 provides in pertinent part that:
"(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
"1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry; or * * *
"4. lack of jurisdiction to render the judgment or order.”
In deciding a motion under CPLR 5015 a court must first resolve the nondiscretionary CPLR 5015 (a) (4)’s lack of jurisdiction (Cipriano v Hank, 197 AD2d 295, 297 [1st Dept 1994]; Marazita v Nelbach, 91 AD2d 604 [2d Dept 1982]). If a court lacked jurisdiction to render the default judgment the court must vacate the default even if no showing is made by a defendant of a reasonable excuse for the default or a meritorious defense. This vacatur mandate is imposed because the default judgment or order is deemed void for lack of personal jurisdiction over defendant, and thus any judgment or order entered is a nullity (McMullen v Arnone, 79 AD2d 496 [2d Dept 1981]; see also, Mayers v Cadman Towers, 89 AD2d 844 [2d Dept 1982]).
Therefore the threshold issue to be resolved is whether the initial service of process was properly effectuated. Whether the Health and Science Center can be defendant’s actual place of business when the doctor is on sabbatical from his positions at that Center is apparently a matter of first impression. Research reveals no case law directly on point. As a general matter, jurisdiction cannot be obtained over a defendant except through strict compliance with the statutorily mandated procedures (see generally, Macchia v Russo, 67 NY2d 592). CPLR 308 (2) provides in relevant part for service within the State by delivery of the summons and complaint to a person of suitable age and discretion at a defendant’s actual place of business, and by mailing the summons and complaint to defendant’s last known residence. Here, defendant does not dispute the validity of service on the second prong of CPLR 308 (2), the last known *133 residence prong. However, Dr. Song disputes that service was properly made at his "actual place of business.” The requirements under CPLR 308 (2) have been strictly construed (Anon Realty Assocs. v Simmons Stanley, 153 Misc 2d 954). Courts have held that merely because a defendant does business in a given place does not make it the defendant’s actual place of business (see, Bridgehampton Natl. Bank v Watermill Hgts. Assocs., 157 Misc 2d 246, 250; Glasser v Keller, 149 Misc 2d 875, 877, citing Feinstein v Bergner, 48 NY2d 234). Rather, courts need to look to the identification of defendant’s business with the place at issue (Glasser v Keller, supra). "[I]n order for a place to be a person’s 'actual place of business’ that person must be physically present with regularity * * * and must be shown to regularly transact business at that place.” (Bridgehampton Natl. Bank v Watermill Hgts. Assocs., supra, at 250.)
Dr. Song contends that, although at the time of the purported service in August 1994 he still maintained his office at the Health and Science Center and maintained records there, he was in Korea on sabbatical from the State University of New York at Brooklyn, and had closed his Fifth Avenue office. Defense counsel asserts that Dr. Song’s presence in Korea, where he was engaged in teaching and research, "suggests that Dr. Song was not and could not be transacting business out of the Brooklyn office.” (Defendant’s mem of law, at 3.) Thus Dr. Song contends that service on his secretary at the Brooklyn campus was not made at his "actual place of business.” Defense counsel also maintains that the affidavits submitted from defendant’s insurance carrier establish that plaintiffs’ counsel was aware at the time of service on August 12, 1994 that Dr. Song was in Korea so that service should have been attempted pursuant to CPLR 313. This latter claim is without merit because the affidavits at best only establish that on July 21, 1994 and/or on July 29, 1994 plaintiffs’ counsel knew that Dr. Song was out of the country and was possibly told that on some unspecified future date Dr. Song would be "soon” leaving on sabbatical.
The Chos’ claim that the Brooklyn campus must be deemed Dr. Song’s actual place of business for purposes of service because he had an office in Brooklyn (i.e., the Health and Science Center) and conclusorily assert that he transacted business there, that his secretary forwarded Dr. Song’s "important” mail to Korea except for legal documents which were sent to his insurance carrier, and that Dr. Song’s wife and insurance carrier knew about the lawsuit. In this regard I note that the *134 plaintiffs’ claims relating to Dr. Song’s wife’s knowledge of the suit and the forwarding of mail by Dr. Song’s secretary to Korea are not supported by competent evidence. In addition, assuming arguendo that Dr. Song’s wife was aware of the lawsuit and that it could be thus assumed that her husband was aware as well, does not resolve the jurisdictional issue since notice received by means other than those authorized by statute cannot be used to bring a defendant within the court’s jurisdiction. (See, Raschel v Rish, 69 NY2d 694, 697 [1986]; Feinstein v Bergner, supra.)
Despite the fact that Dr. Song, who has been a professor at the Health and Science Center and chief of its plastic surgery division since the 1970’s, retained his Health and Science Center office and assuming arguendo that his secretary forwarded important mail to him and that he received some salary from the Health and Science Center as authorized pursuant to 8 NYCRR 337.23 during his sabbatical leave, such facts standing alone do not support the conclusion that Dr. Song was regularly present or regularly transacted business at the Health and Science Center while he was on sabbatical and working in Korea. Thus it cannot be said that 450 Clarkson Avenue was Dr. Song’s actual place of business when he was served in August 1994.
Plaintiffs, relying on a 1995-1996 medical directory listing an office for Dr. Song at 450 Clarkson Avenue and on Mayer v Maung (143 AD2d 507 [4th Dept 1988]), further claim that service should nonetheless be held valid. Plaintiffs’ reliance on Mayer is misplaced since in that case the plaintiffs relied on the directory listing in serving the defendant. Here, there is no claim of reliance nor could there be such a claim since the listing was for 1995-1996 and service was made in 1994.
Accordingly, under CPLR 5015 (a) (4) the default order is vacated because no jurisdiction was obtained when the default order was entered. Because defendant concedes the validity of the January 13, 1995 service and has agreed to waive any jurisdictional and Statute of Limitations defenses based on that service, the complaint survives. Defendant is directed to serve its answer to the complaint served on January 13, 1995 within 20 days of service of a copy of the order to be settled hereon with notice of entry.

 The note of issue filed by plaintiffs states defendant’s insurance carrier and address.