■ LOUIS SPERONI, Respondent, v MID-ISLAND HOSPITAL et al., Defendants, and ABRAHAM REISMAN et al., Appellants. [635 NYS2d 255] —In a medical malpractice action, *inter alia,* to recover damages for wrongful death, the defendants Abraham Reisman, M.D., and Abraham Reisman, M.D., P. C., appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated May 13, 1994, which, upon reargument of an order entered November 23, 1993, denied their motion to amend their answer to include the affirmative defense that the Workers' Compensation Law operates as a bar to the action and for summary judgment dismissing the complaint based on that defense, and granted the plaintiff's cross motion to strike their first and second affirmative defenses based on the Statute of Limitations.

Ordered that the order is modified by deleting the provision thereof which denied the motion of Abraham Reisman, M.D., and Abraham Reisman, M.D., P. C., to amend their answer to assert an affirmative defense of the exclusivity of the Workers' Compensation Law and for summary judgment, and substituting therefor a provision granting the branch of their motion which is to amend their answer; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendants-appellants Abraham Reisman, M.D. (hereinafter Reisman) and Abraham Reisman, M.D., P. C. (hereinafter the PC) provided medical services to the general public in offices in Nassau County. The plaintiff's decedent, Alice Speroni, was employed as a medical secretary by the PC and was treated from time to time by Reisman. After Mrs. Speroni became ill and died, the plaintiff commenced this action in March 1992, for wrongful death, medical malpractice, and loss of services against Reisman, the PC, and others. Reisman and the PC interposed an answer and subsequently moved to amend their answer to interpose a claim that Workers' Compensation was the plaintiff's exclusive remedy and for summary judgment on that ground. The plaintiff cross-moved to strike the first and second affirmative defenses interposed by Reisman and the PC asserting Statute of Limitations bars.

The Supreme Court properly struck the first and second affirmative defenses asserting Statute of Limitations bars. The PC was timely served by service on the Secretary of State *(see,*

*Union Indem. Ins. Co. v 10-01 50th Ave. Realty Corp.*, 102 AD2d 727). Jurisdiction was properly obtained even though the PC had been dissolved *(see, Camacho v New York City Tr. Auth.*, 115 AD2d 691). Service on the Sheriff of Nassau County acted to extend the Statute of Limitations pursuant to CPLR 203 (b) (5) as to Reisman, who was then personally served within the time provided by the statute. The plaintiff satisfied the reasonable inquiry required by CPLR 203 (b) (5) *(see, Woll v Raffa*, 124 AD2d 726). In any event, we agree that the PC and Reisman are united in interest *(see, Connell v Hayden*, 83 AD2d 30).

The Supreme Court incorrectly denied that branch of the appellants' motion which was to amend their answer to assert that Workers' Compensation was a bar to the plaintiff's action since, in the absence of prejudice, amendment is freely permitted *(see, Modern Holding Co. v Ridgewood Sav. Bank*, 210 AD2d 465). Furthermore, the court erred in denying the branch of the appellants' motion which was for summary judgment on the merits. Rather, it should have stayed disposition of that branch of the motion pending a prompt application to the Workers' Compensation Board to determine the applicability of the Workers' Compensation Law to the plaintiff's claim against Reisman and the PC *(see, Botwinick v Ogden*, 59 NY2d 909; *O'Rourke v Long*, 41 NY2d 219). Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.