■ KANNAN BALENDRAN, by His Father and Natural Guardian, VALLIPURAN BALENDRAN, Respondent, v NORTH SHORE MEDICAL GROUP, P. C., et al., Defendants, and WILLIAM C. IVINS, JR., Appellant. [674 NYS2d 724] —In an action to recover damages for medical malpractice, the defendant William C. Ivins, Jr., appeals (1) from an order of the Supreme Court, Suffolk County (Kitson, J.), dated July 15, 1997, which denied his

cross motion to dismiss the complaint insofar as asserted against him, on the ground, *inter alia,* of lack of personal jurisdiction, and (2), as limited by his brief, from so much of an order of the same court, dated October 14, 1997, as denied his motion for renewal.

Ordered that the order dated July 15, 1997, is reversed, on the law, the appellant's cross motion to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction is granted, and the complaint is dismissed insofar as asserted against him; and it is further,

Ordered that the appeal from the order dated October 14, 1997, is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant opposed the plaintiffs' motion for leave to enter a default judgment against him on the ground that the "deliver and mail" alternative to personal service attempted by the plaintiff failed to comply with the provisions of CPLR 308 (2) because the summons and complaint were served at the appellant's last known place of business rather than his actual place of business. The appellant also cross moved for summary judgment dismissing the complaint insofar as asserted against him for lack of personal jurisdiction.

In reply, the plaintiffs submitted the affidavit of service prepared by the plaintiffs' process server purporting to have effected service upon the appellant on March 27, 1995, pursuant to CPLR 308 (2) by delivering a copy of the summons and complaint to his alleged actual place of business and by mailing a copy to the same address. The court gave the parties the further opportunity to submit evidence on the issue of whether the address where the papers were served was the appellant's "actual place of business".

The affidavit of the office manager of the pediatric division of North Shore Medical Group, which was based upon the business records of North Shore Medical Group and upon the personal knowledge of the office manager, was sufficient to establish that the appellant had retired from that practice on June 30, 1993, and that North Shore Medical Group was no longer the appellant's actual place of business (*see, Dime Sav. Bank v Steinman,* 206 AD2d 404; *Continental Hosts v Levine,* 170 AD2d 430; *Matter of St. Christopher-Ottilie [Devon M.],* 169 AD2d 690; *Frankel v Schilling,* 149 AD2d 657). The plaintiffs failed to establish by a preponderance of the evidence that North Shore Medical Group was the appellant's actual place of business at the time of service (*see, Seung Ja Cho v In-Chul Song,* 166 Misc 2d 129; *Glasser v Keller,* 149 Misc 2d

875). The listing of the appellant's business address in the 1995-1996 Medical Directory of the Medical Society of the State of New York (hereinafter Medical Directory) was insufficient to sustain the plaintiffs' burden of proof inasmuch as the preface to the Medical Directory indicated that the appellant's listing had not been verified. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.