OPINION OF THE COURT
Lucindo Suarez, J.
The issue in this motion to dismiss the complaint for lack of personal jurisdiction is whether an independent contractor security guard’s assignment at a franchise restaurant can be considered his actual place of business for purposes of securing jurisdiction over him by delivery of service of process upon the franchise manager. This court holds it cannot, as the independent contractor did not hold out the subject location through regular solicitation, advertisement or otherwise as his actual place of business, and such independent contractor status does not give rise to a presumption that the substituted service of process provisions of the statute would be reasonably calculated under all the circumstances to apprise the defendant of the pendency of the action and afford him an opportunity to present his objections.
As reported in the New York City Police Department omniform system complaints form, on December 21, 2004, at 11:30 p.m., at the McDonald’s restaurant at 234 West 42nd Street in Manhattan, plaintiffs Stacy Ascencio-Sutphen and Jeffrey Sutphen got into a physical dispute with defendant security guards Kit Harris and George Morales, and defendant franchise manager Jimmy Olaya, resulting in various causes of action.
Defendant Jimmy Olaya was personally served at his residence in the Bronx by process server Howard Kwastel. Defendant Kit Harris was personally served at his residence in Manhattan by process server Yoler Jean-Baptiste. Defendant George Morales was served at the McDonald’s restaurant at 234 West 42nd Street in Manhattan by delivery of the summons and complaint to John McDonnell, described as a person of suitable age and discretion and business associate, and by mailing a copy of the summons and complaint to the McDonald’s address, by process server Warren Bozarth. Defendants McDonald’s Corporation and ISK Manhattan, Inc. were both served by delivery upon the New York State Secretary of State by process server Diane Koehler.
Upon defendant Morales’ motion to dismiss the complaint against him for lack of personal jurisdiction and plaintiffs’ opposition thereto, this court held a traverse hearing to determine whether defendant George Morales was properly served pursuant to CPLR 308 (2).
*186 Morales testified that he has been employed for the last 10 years by both the New York City Police Department and Strategic Security, a private security firm. Strategic Security assigned him to work at the subject McDonald’s restaurant, as well as other locations where he wore a uniform of khaki pants and a black polo shirt that displayed the Strategic Security emblem and the Strategic Security name. He worked at the McDonald’s restaurant between two to four nights per week from June 7, 2005 (the date that John McDonnell received the summons and complaint) to September 2005 (the date that he was no longer assigned to that McDonald’s). He was not paid by McDonald’s, was not an employee of McDonald’s, and never held himself out as an employee of McDonald’s. He signed in and out at the beginning and end of each tour without the need to speak with or receive direction from any supervisory McDonald’s employee. He also testified that John McDonnell was the day shift general manager, and that although he knew of him, and of his position and duties and saw him on occasion, he had no reason or occasion to speak to or with him between June 7, 2005 and September 2005. Morales further testified that he did not receive any legal papers from McDonnell nor was he provided with any mail by anyone at McDonald’s.
Process server Warren Bozarth testified that on the afternoon of June 7, 2005 he left a copy of the summons and complaint for Morales with John McDonnell, the general manager of the subject McDonald’s, after engaging him in conversation at the counter where he confirmed that Morales did work there, but was not on duty at the time, and obtained McDonnell’s consent to leave the legal papers for Morales with him. Bozarth also testified that McDonnell said he would give the papers to Morales. On cross-examination Bozarth stated he did not choose to come back at a later time to serve Morales and that he did not inquire as to when Morales would be on duty. Bozarth mailed a copy of the summons and complaint to George Morales at McDonald’s, 234 West 42nd Street, New York, New York 10036.
Plaintiffs presented no evidence whether any attempts were made to secure George Morales’ residential address, or what McDonald’s business practices or procedures were, if any, regarding redelivery of papers personally left for or mailed to nonemployees at McDonald’s.
Morales asserts that One Police Plaza is his actual place of business and that McDonnell was not his “business associate” *187 as stated in Bozarth’s affidavit of service. He did not provide his residential address.
CPLR 308 provides, in pertinent part:
“Personal service upon a natural person shall be made by any of the following methods:. . .
“2. by delivering the summons ... to a person of suitable age and discretion at the actual place of business, ... of the person to be served and by . . . mailing the summons ... at his . . . last known residence or . . .at his . . . actual place of business
“6. For purposes of this section, ‘actual place of business’ shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.”
This court finds that John McDonnell, the general manager of the McDonald’s restaurant where Morales reported for work and where delivery of the summons and complaint was made to him on behalf of George Morales, is a person of suitable age and discretion. (See Costine v St. Vincent’s Hosp. & Med. Ctr. of N.Y., 173 AD2d 422 [1st Dept 1991].) However, this court holds that the McDonald’s restaurant is not George Morales’ actual place of business, and therefore service thereat and mailing thereto was not proper to afford this court personal jurisdiction over him. Although a person may have more than one actual place of business for purposes of substituted service (see Sartor v Utica Taxi Ctr., Inc., 260 F Supp 2d 670, 678 [SD NY 2003]), the fact that Morales was also employed by the New York City Police Department is irrelevant for present purposes.
“No definitive test has emerged as to the meaning of ‘actual place of business.’ ” (See Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:3 [b], at 22.) “The fact that a defendant does business in a given place does not necessarily make it his place of business. There must be an identification of the defendant’s business with the place, such as comes with employment or proprietorship” (Glasser v Keller, 149 Misc 2d 875, 877 [Sup Ct, Queens County 1091]). It is undisputed that Morales has no proprietary interest in McDonald’s. Furthermore, he does not appear to have been subject to supervision by McDonald’s employees. Nor did he, “through regular solicitation or advertisement” (CPLR 308 [6]), hold out McDonald’s as his place of business.
Substituted service to a person of suitable age and discretion at a defendant’s actual place of business “presume[s] that the *188 business relationship between the deliveree and the defendant will induce the prompt redelivery of the summons to the defendant” (Glasser v Keller, 149 Misc 2d 875, 877 [Sup Ct, Queens County 1991]), and therefore service would be reasonably calculated to apprise Morales of the pendency of this action and afford him an opportunity to present objections. (See Mullane v Central Hanover Bank & Trust Co., 339 US 306 [1950].) This presumption is not present here.
Plaintiffs’ presumption that the relationship between McDonald’s and Morales would induce prompt redelivery of the summons and complaint, and that service was therefore reasonably calculated pursuant to CPLR 308 (2) to apprise Morales of the action, has no evidentiary basis and is therefore fatal to jurisdiction. Plaintiffs did not present sufficient evidence to establish McDonald’s business practices or procedure to support this presumption nor can any be inferred. Plaintiffs failed to demonstrate a sufficient relationship between McDonald’s and George Morales that would create a duty, obligation or reasonable reliance that redelivery would occur.* Such a duty or obligation is integral in an employer/employee relationship, having its genesis when the employer requires fundamental history and information from its employees, such as name, address, telephone number, Social Security number and possibly other family and tax information, especially where benefits are involved. This dynamic is not present with an independent contractor and the presumption of redelivery based upon this status is merely a hope or a wish of accomplishment.
The relevant reported cases on substituted service involve professional or employment relationships, not independent contractors or employees of independent contractors. (See Glasser v Keller, supra [service on defendants employed by, or affiliated with, hospitals]; West v Doctor’s Hosp., 198 AD2d 92 [1st Dept 1993] [physician whose invoices specified two business addresses, including numbered room of hospital, was not properly *189 served where delivery was made in hospital’s administrative office] ; Colon v Beekman Downtown Hosp., Ill AD2d 841 [2d Dept 1985] [delivery at administrative office of hospital at which defendant was staff member was sufficient where he failed to show any other specific place of business]; New York State Higher Educ. Seros. Corp. v Srebrenik, 148 Misc 2d 837 [Civ Ct, NY County 1990] [service of process was not accomplished, in case of employee of large metropolitan hospital, by delivery of copies of summons and complaint at building other than one where employee worked, to an employee of the hospital who was not in the administration or personnel departments; building other than the one where employee worked was not her “actual place of business”]; DiGiuseppe v DiGiuseppe, supra [plaintiff delivered a summons and complaint to a person in the personnel office of the defendant’s employer at 100 Park Avenue; defendant maintained that his actual place of business was at 30 East 42nd Street and not at 100 Park Avenue; the court held that since defendant failed to show that he was not physically present with regularity at the Park Avenue address, service was proper].)
Accordingly, it is ordered that the motion of defendant George Morales to dismiss the complaint as against him for lack of jurisdiction over his person is granted, and it is further ordered that the clerk of the court is directed to enter judgment in favor of defendant George Morales, dismissing the complaint as against him.

 Although it may be argued that Morales at the time of the attempted service reported to the McDonald’s on a regular basis for the purposes of his employment with Strategic Security and the provision of security services to McDonald’s, such physical presence and “regularity” does not and should not equate with actual place of business, where other means of service were available. (See generally, DiGiuseppe v DiGiuseppe, 70 Misc 2d 188 [Civ Ct, NY County 1972]; Anon Realty Assoc. v Simmons Stanley, 153 Misc 2d 954 [Sup Ct, NY County 1992]; Bridgehampton Natl. Bank v Watermill Hgts. Assoc., 157 Misc 2d 246 [Sup Ct, Suffolk County 1993]; Friedman v Nitzberg, 9 Misc 3d 1117[A], 2005 NY Slip Op 51619[U] [Civ Ct, Kings County 2005].)