■ 186-90 JORALEMON ASSOCIATES, Respondent-Appellant, v WILFRIDO DIANZON, Appellant-Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Edith Miller, J.), entered on or about October 8, 1987, and subsequent orders and judgments (two papers) of the same court (Edith Miller, J.), entered on November 17, 1987 and (Herman Cahn, J.), entered on August 12, 1988, respectively, which, *inter alia,* granted plaintiff's motion for summary judgment to the extent of dismissing defendant's first, second, third and fourth defenses and first counterclaim, awarded plaintiff 186-90 Joralemon Associates a judgment in the amount of $9,503.50 as to its first cause of action and $21,660.68 as to its second cause of action, and awarded plaintiff a final judgment in the sum of $64,594.39, unanimously affirmed, without costs.

This appeal involves an action seeking to recover damages for the alleged breach of a lease agreement. In July 1981, defendant Dianzon, a medical doctor, rented the second floor of 186 Joralemon Street from plaintiff 186-90 Joralemon Associates pursuant to a 10-year lease, for use as a suite of doctors' offices. The lease, which was to commence September 1, 1981 and to conclude on August 30, 1991, provided for a minimum base rent of $60,000 per year, with additional rental payments to be tendered for certain enumerated services, including proportional shares of increases in real estate taxes, porter wage escalation charges, electrical charges, and costs of alterations necessary to comply with building regulations. Also included was a clause providing that, in the event of tenant's default, he would pay landlord's attorney's fees.

Defendant ceased making payments in January 1985, whereupon plaintiff commenced a summary proceeding. On May 22, 1985 a judgment of possession was entered in plaintiff's favor. Defendant vacated the subject premises on or about May 31, 1985.

In September 1985, plaintiff commenced the within action seeking to recover money damages, including past-due rent, additional rent and liquidated damages pursuant to the lease. In defendant's answer, he denied the allegations of the complaint and asserted numerous affirmative defenses and counterclaims. These included constructive eviction, failure by plaintiff to perform its agreement regarding renovation, and excessive charges by plaintiff for electricity, porter's wage escalation and other maintenance charges. Plaintiff denied defendant's allegations and asserted defenses to the claims and causes of action raised in defendant's answer.

In January 1987, plaintiff moved for an order granting, *inter alia,* summary judgment. The IAS court granted plaintiff's motion to the extent of dismissing defendant's first, second, third and fourth defenses and first counterclaim, and awarding plaintiff summary judgment as to its first and second causes of action, which regarded unpaid rent due under the lease from January of 1985 until the premises were vacated in May 1985, and additional rent due through September 1985 when the within action was commenced.

On this appeal, the dismissal of defendant's first defense is not at issue. The second defense, asserting unconscionability of the lease, pursuant to which defendant agreed to remain liable for rent due following a vacatur, was correctly dismissed. As noted by the IAS court this transaction was "a sophisticated real estate deal", in which defendant, represented by counsel* "in the absence of allegations of high pressure techniques or unequal bargaining power," entered into the subject lease. *(See, Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383, 389 [1980]; *812 Park Ave. Corp. v Pescara,* 268 App Div 436, 440 [1st Dept 1944], *affd* 294 NY 792 [1945].)

IAS also properly dismissed the third defense, which asserted that because "the [lease itself] and not merely the occupancy [was] terminated, defendant is not liable for any rent or damages" other than as accrued prior to his vacating the premises. The lease unequivocally and lawfully provided

---

* We note that defendant has commenced a third-party action against his former attorney.

for the survival of liability upon default; thus this claim is meritless. *(812 Park Ave. Corp. v Pescara,* 268 App Div, *supra,* at 438-440.)

Insofar as the fourth defense and first counterclaim, which asserted damages for constructive eviction, are concerned, this too was properly dismissed. We note that defendant did not abandon the premises, and in fact continued to use them for their intended purpose until after plaintiff obtained a judgment awarding it possession. *(See, S. E. Nichols, Inc. v American Shopping Centers,* 115 AD2d 856, 859 [1st Dept 1985]; *cf., Minjak Co. v Randolph,* 140 AD2d 245, 248 [1st Dept 1988].)

Finally, the IAS court properly denied plaintiff's motion for summary judgment regarding the porter wage escalation, real estate tax increase, Local Laws, 1973, No. 5 of the City of New York costs and attorney's fees which allegedly accrued prior to defendant's May 1985 vacatur. Upon our review of the record, we agree that plaintiff's evidence was "insufficient to permit the court to conclude that the figures utilized in calculating the charges to be passed along to defendant were accurate."

Accordingly the judgment is affirmed. Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.