Order, Supreme Court, New York County (Emily Jane Goodman, J), entered February 21, 2012, which, inter alia, granted plaintiff-landlord’s motion for partial summary judgment to the extent of finding defendant-tenant liable for fixed annual rent and additional rent for the period between January 2011 and March 3, 2011, plus liquidated damages on the fixed annual rent from March 3, 2011 to the expiration of the lease (as modified), less amounts received pursuant to the landlord’s new leases for the 2nd and 3rd floors with defendant’s former subtenants and any new lease for the 15th floor of the building, plus liquidated damages on additional rent to the extent the landlord is entitled to recover the rent credited pursuant to the *514 lease, and denied defendant’s cross motion for summary judgment dismissing the complaint and for leave to amend/ supplement its affirmative defenses, unanimously affirmed, with costs.
There is no merit to defendant defaulting tenant’s argument that New York law requires a liquidated damages clause in a commercial lease to obligate the landlord to re-rent the premises so as to offset any liabilities to which defendant may be subject due to its material breach of the lease (see generally Holy Props. v Cole Prods., 87 NY2d 130 [1995]). Further, contrary to defendant’s contention, the liquidated damages provision in the parties’ lease did not constitute a penalty, but rather, allowed the landlord to recoup its actual damages and the benefit of its bargain. The provision did not allow recoupment of damages “disproporti[o]nate to any loss which could possibly accrue to the landlord” (Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573, 578 [1979]). In fact, the landlord applied the terms of the parties’ accelerated rent provision favorably so as to reduce defendant’s liability exposure under the lease by seeking payment of the fixed annual rent and additional rent payable through the end of the lease at a 4% discounted rate, with credits to defendant for rent payments received by the landlord from defendant’s former subtenants who remained in occupancy of portions of the former leasehold (pursuant to new direct leases with the landlord), as well as credits for the security deposit defendant posted, and additional rents, if any, received by the landlord upon a successful re-letting of the fifteenth floor space, which was part of defendant’s former leasehold (see e.g. Fifty States Mgt. Corp., 46 NY2d at 577-578; 186-90 Joralemon Assoc. v Dianzon, 161 AD2d 329 [1st Dept 1990]). To the extent that defendant argues that the landlord was not entitled to recoup an $84,776.94 rent credit initially extended to defendant, such argument is unavailing, as the express terms of the parties’ “rent credit” provision allowed the landlord to collect the amount of the credit extended if the lease was ever terminated due to defendant’s material default thereunder.
While a landlord is under no legal duty to mitigate damages in the event of a material breach of the lease by a commercial tenant (see Holy Props., 87 NY2d at 133-134), here, the landlord has taken appreciable steps to mitigate any losses defendant may incur due to its own breach.
Defendant’s contention that the lease terms were unconscionable in that they would allow the landlord a windfall of all rent due, including additional rent, notwithstanding that defendant was reluctantly “locked-out” of the premises, is an argument *515 wholly without evidentiary support in the record. Defendant failed to make such an assertion after being served with a notice to cure. Moreover, defendant’s removal of its possessions from the 15th floor space, and its failure to pay any rent between January and March 2011, combined with its silence as to its reasons for its actions/inactions, left only one reasonable assumption — that it had abandoned the premises and deliberately defaulted on its lease obligations. Concur — Andrias, J.E, Sweeny, Freedman, Feinman and Gische, JJ. [Prior Case History: 2012 NY Slip Op 3038KU).]