Madison Ave. I LLC v Marecheau (2020 NY Slip Op 06223)





Madison Ave. I LLC v Marecheau


2020 NY Slip Op 06223


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 157359/18 Appeal No. 12248 Case No. 2019-04187 

[*1]Madison Avenue I LLC, Plaintiff-Respondent,
v
Deon Marecheau, Defendant-Appellant, Jamari Robinson, Defendant.


Law Office of Matthew Porges, Brooklyn (Matthew S. Porges of counsel), for appellant.
Sperber Denenberg & Kahan, P.C., New York (Jacqueline Handel-Harbour of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Louis L. Nock, J.), entered on September 16, 2019, which, to the extent appealed, granted plaintiff's motion for summary judgment, awarded judgment in the amount of $36,829.35, and dismissed the affirmative defenses, unanimously affirmed, without costs.
In this action to recover rent arrears and fines imposed by the Department of Buildings relating to defendant's unauthorized rental of the premises on Airbnb for transient use, as well as attorneys' fees, plaintiff landlord established its entitlement to a money judgment as a matter of law. Plaintiff's prima facie showing was unrefuted by defendant, and no triable issues of fact were raised, given that in opposition to summary judgment, he submitted only an affirmation by counsel, who lacked personal knowledge of the facts (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Marinelli v Shifrin, 260 AD2d 227, 228-229 [1st Dept 1999]; Johannsen v Rudolph, 34 AD3d 338 [1st Dept 2006]). In any event, by the terms of the lease, defendant's vacatur prior to the lease's termination did not release him from liability for the payment of rent and related expenses (see 186 -90 Joralemon Assoc. v Dianzon, 161 AD2d 329 [1st Dept 1990]; The Gallery at Fulton St., LLC v Wendnew LLC, 30 AD3d 221, 222 [1st Dept 2006]). Defendant's argument that discovery was needed is unpreserved for appellate review as he failed to raise that argument before the motion court. Were we to review it, we would reject such argument (see Perez v Brux Cab Corp., 251 AD2d 157, 160 [1st Dept 1998]; Singh v New York City Hous. Auth., 177 AD3d 475, 476 [1st Dept 2019]; Doherty v City of New York, 16 AD3d 124, 125 [1st Dept 2005]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020