Feifei Gu v Hong Ji (2025 NY Slip Op 01715)

Feifei Gu v Hong Ji

2025 NY Slip Op 01715

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 101013/22|Appeal No. 3955|Case No. 2024-01812|

[*1]Feifei Gu, Plaintiff-Appellant,
v
Hong Ji, Defendant-Respondent, Shugang Pang, Defendant.

Feifei Gu, appellant pro se.
Gibney, Anthony & Flaherty, LLP, New York (Desiree D. Jamasbi of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about January 26, 2024, which, to the extent appealed from, denied plaintiff's motion for sanctions against defendant Hong Ji's attorney, Winnie Mok, Esq., unanimously affirmed, without costs.
The motion court providently denied plaintiff's motion for sanctions against defendant's counsel for stating, in an attorney affirmation, that plaintiff was a "pro-se habitual litigant" and filed frivolous lawsuits in the past (see Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]). These statements were absolutely privileged, as they were made in the course of a judicial proceeding and were pertinent to the question of whether plaintiff's claims against defendants had merit (see Pezhman v Chanel, 157 AD3d 417 [1st Dept 2018], lv denied 32 NY3d 1018 [2018], cert denied 139 SCt 489 [2018]; see also Brady v Gaudelli, 137 AD3d 951, 952 [2d Dept 2016]). Plaintiff's argument that Mok violated the Rules of Professional Conduct and Judiciary Law § 487 is unpreserved for appellate review, as she failed to raise any of these arguments before the motion court (see Madison Ave. I LLC v Marecheau, 187 AD3d 683, 684 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025