■ MOISE KATZ et al., Appellants, v MARTIN F.C. EMMETT et al., Respondents. [641 NYS2d 131] —In a consolidated shareholder's derivative action, *inter alia,* to recover damages for breach of fiduciary duty and waste of corporate assets, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered September 1, 1994, which granted the separate motions of the defendants to dismiss the complaint (1) for failure to make a presuit demand on the board of directors of Tambrands, Inc., and (2) for lack of personal jurisdiction over 11 of the individual defendants.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs instituted this consolidated shareholder derivative action on behalf of Tambrands, Inc., a Delaware corporation, and against the inside and outside directors of Tambrands, Inc., alleging breach of fiduciary duties and the waste of corporate assets. The defendants separately moved to dismiss the complaint, *inter alia,* on the ground that the plaintiffs failed to first make a demand on the board of directors. The Supreme Court granted the defendants' motion. Moreover, 11

of the defendants moved for dismissal on the grounds of lack of personal jurisdiction. This motion was also granted.

For choice of law purposes, Delaware, the State of incorporation, determines the applicable law (*see, Hart v General Motors Corp.,* 129 AD2d 179). Under Delaware law, every shareholder derivative complaint shall: "allege with particularity the efforts, if any, made by the plaintiff to obtain the action [he or she] desires from the directors or comparable authority and the reasons for [his or her] failure to obtain the action or for not making the effort" (Del Chancery Ct Rule 23.1).

A demand on the directors can be excused only when the plaintiff alleges "with particularity" facts that "create a reasonable doubt that the directors' action was entitled to the protections of the business judgment rule" (*Aronson v Lewis,* 473 A2d 805, 808). In determining the futility of a demand the court, in the proper exercise of its discretion, must decide whether, under the particularized facts alleged, a reasonable doubt is created that: (1) the directors were independent and disinterested and (2) the challenged transaction was otherwise the product of a valid exercise of business judgment (*Aronson v Lewis, supra,* at 814).

In the instant matter, the allegations in the complaint did not contain specific allegations as to why the demand would be futile or allege with particularity that the challenged acts of the directors were not the product of a valid exercise of business judgment. Accordingly, the defendants' motion to dismiss the complaint was properly granted.

Furthermore, the complaint was properly dismissed as against the defendants Lilyan H. Affinito, Ruth Manton, Paul S. Doherty, Floyd Hall, Brian Healey, John Loudon, John A. Meyers, John O'Brien, E. Russell Sprague, H.L. Tower, and Robert M. Williams, because service was defective. In order for a location to be a person's "actual place of business" for service pursuant to CPLR 308 (2), that person must be shown to regularly transact business at that location (*see, Anon Realty Assocs. v Simmons Stanley, Ltd.,* 153 Misc 2d 954, 957). Here, there was no showing that these outside directors regularly transacted business at Tambrands, Inc.'s, headquarters. Moreover, proof of service was not filed within the 120 days required by CPLR 306-b (a). Miller, J. P., Altman, Hart and Friedmann, JJ., concur.