■ JOHN O'DONNELL, Appellant, v PATRICK FERRO et al., Respondents, et al., Defendants. [756 NYS2d 485] —In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty and corporate waste, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated April 27, 2001, as granted the motion of the defendants Charles Ferro and Mazal Beverage, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff instituted this shareholder's derivative action on behalf of Mazal Beverage, Inc. (hereinafter Mazal), a Delaware corporation, against, among others, one of its directors, the now-deceased Charles Ferro (hereinafter Ferro), alleging breach of fiduciary duty and waste of corporate assets. Ferro and Mazal (hereinafter the respondents) moved for summary judgment dismissing the complaint insofar as asserted against them, inter alia, on the ground that the plaintiff failed to make a demand on the board of directors before commencing the action. The Supreme Court granted the motion.

"For choice of law purposes, Delaware, the State of incorporation, determines the applicable law" (*Katz v Emmett,* 226 AD2d 588, 589 [1996]; *see Hart v General Motors Corp.,* 129 AD2d 179, 182-183 [1987]). Delaware Chancery Court Rule 23.1 provides that every shareholder derivative complaint shall "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and the reasons for the plaintiff's failure to obtain the action or for not making the effort."

Under Delaware law, a demand on the directors of a corporation will be excused only when the plaintiff alleges with particularity facts which create a reasonable doubt that the directors' action was " 'protected by the business judgment rule' " (*Brehm v Eisner,* 746 A2d 244, 255 [Del 2000], quoting *Grimes v Donald,* 673 A2d 1207, 1217 [Del Ch 1996]; *see Ryan v Aetna Life Ins. Co.,* 765 F Supp 133, 137 [1991]). In determining the futility of such a demand, the court must decide whether " 'a reasonable doubt is created that * * * the directors are disinterested and independent' or that 'the challenged transaction was otherwise the product of a valid exercise of business judgment' " (*Brehm v Eisner, supra* at 256, quoting *Aronson v Lewis,* 473 A2d 805, 814 [Del 1984]; *see Ryan v Aetna Life Ins. Co., supra* at 137).

The respondents established their prima facie entitlement to judgment as a matter of law by demonstrating that the directors other than Ferro were disinterested and independent and that the challenged transaction was the product of sound business judgment. In opposition to the motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact as to whether such a demand would have been futile for either reason. Consequently, the Supreme Court properly granted the respondents' motion.

The plaintiff's remaining contentions are without merit. Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.