STICHTING TER BEHARTIGING VAN DE BELANGEN VAN OUDAANDEELHOUDERS IN HET KAPITAAL VAN SAYBOLT INTERNATIONAL B.V. (Foundation of the Shareholders' Committee Representing the Former Shareholders of Saybolt International B.V.), Plaintiff,

v.

Philippe S.E. SCHREIBER and Walter, Conston, Alexander & Green P.C., Saybolt LP, f/k/a Saybolt, Inc. and Saybolt North America, Inc., Defendants.

No. 99 CIV. 11441(JSR).

United States District Court, S.D. New York.

Aug. 28, 2003.

Norris Wolff, Kleinberg, Kaplan, Wolff & Cohen, P.C., New York City, for Plaintiffs.

John Siffert, Lee Renzin, Rebecca Hollander–Blumoff, Daniel Reynolds, Lankler Siffert & Wohl LLP, New York City, for Deft Philippe Schrieber.

David Ellenhorn, Margaret A. Dale, Caroline S. Press, Solomon, Zauderer, Ellenhorn, Frischer, & Sharp, New York City, for deft Walter, Conston, Alexander & Green P.C.

### MEMORANDUM ORDER

RAKOFF, District Judge.

Pending before the Court is the motion of defendants Philippe S.E. Schreiber and Walter, Conston, Alexander & Green P.C. (together, the "Attorney Defendants") to dismiss plaintiff's Second Amended Complaint. For the reasons stated below, the Attorney Defendants' motion is hereby granted in all respects.[1]

By way of background, plaintiff, a Dutch entity representing the interests of certain former shareholders of Saybolt B.V. (a Dutch company with two wholly-owned American subsidiaries, Saybolt N.A. and Saybolt Inc.), brought this action against the Attorney Defendants in November 1999, alleging that Mr. Schreiber, acting as agent for Walter, Conston, Alexander &

---

[1]. The Court previously held extensive oral argument, *see* transcript, 7/21/2003, and received several rounds of briefing on the issues discussed herein. Although yet further oral argument had been scheduled to address the most recent round of briefing, upon careful review of the parties' written submissions the Court has determined that any such further argument would be redundant and, accordingly, hereby renders its decision.

Green P.C., had committed legal malpractice and had breached both his lawyer's fiduciary duty to, and his legal contract with, his client, Saybolt Inc.

Following extended proceedings, the substance of which is not here relevant, *see Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt International B.V. (Foundation of the Former Shareholders of Saybolt International B.V.) v. Schreiber*, 145 F.Supp.2d 356 (S.D.N.Y.2001); *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt International B.V. (Foundation of Shareholders' Committee Representing Former Shareholders of Saybolt International B.V.) v. Schreiber*, 327 F.3d 173 (2d Cir.2003), the Attorney Defendants moved to dismiss the action, arguing that plaintiff lacks standing to prosecute the legal malpractice and breach of fiduciary duty claims, and that plaintiff's third cause of action, for breach of contract, is not cognizable under New Jersey law, which the Attorney Defendants argued applies here.

The Court ultimately agreed that plaintiff is not the real party in interest in respect of the legal malpractice claim because, *inter alia*, that claim belonged to Saybolt Inc. in the first instance and could not, under New Jersey law, which the Court agreed here governs, be the subject of a valid assignment. *See* transcript, 7/21/2003; Order dated July 22, 2003; Order dated July 29, 2003 (the "July 29 Order"). The Court therefore directed plaintiff to "substitute or join the real party in interest, Saybolt Inc., by Monday, August 4, 2003." July 29 Order at 1; *see also* Fed.R.Civ.P. 17(a). Central to the July 29 Order was the conclusion that ratification by Saybolt Inc. would not suffice to cure the Rule 17(a) problem because ratification "would simply be tantamount to the other-

wise forbidden assignment, in contravention of 28 U.S.C. § 2072(b), which provides that federal procedural rules 'shall not abridge, enlarge or modify any substantive right.'" July 29 Order at 3; *see also Del Re v. Prudential Lines, Inc.*, 669 F.2d 93, 96 (2d Cir.1982)(Rule 17(a) cannot "create new substantive rights").

On August 1, 2003, plaintiff filed a Second Amended Complaint in which it purported to cure the Rule 17(a) defect by adding as "nominal defendants" Saybolt LP, f/k/a Saybolt Inc., and Saybolt N.A. (collectively "Saybolt"). Attached as an exhibit to that Complaint is a certification from Saybolt general counsel stating that Saybolt does not intend to pursue claims against the Attorney Defendants. *See* Second Amended Complaint, Ex. H (Certification of Ratification and Objection to Joinder or Substitution). Plaintiff's counsel argued, however, that Saybolt could still be transformed from a nominal defendant into an involuntary plaintiff under Fed.R.Civ.P. 19, and that this would satisfy the "real party in interest" requirements of Fed.R.Civ.P. 17(a). Subsequently, counsel for Saybolt reconfirmed that Saybolt refuses to prosecute any claims herein. Yet plaintiff maintains that, notwithstanding Saybolt's unwillingness to pursue this action, plaintiff has complied with the requirements of both the July 29 Order and Rule 17(a).

■ The Court does not agree. Joinder of Saybolt as a nominal defendant (to be transformed into an involuntary plaintiff), like ratification by Saybolt, merely attempts an end-run around New Jersey's rule barring assignment of legal malpractice claims. Although, on its face, Rule 17(a) does not preclude joinder of the real party in interest as a defendant or unwilling plaintiff, such joinder is not proper here, where it abridges New Jersey's sub-

**340**

stantive law against transfer of legal malpractice claims.

 In the analogous situation of the federal Anti–Assignment Act, 31 U.S.C. § 3727, the Supreme Court has held that an assignee can not "avoid the Act by joining his assignor as a party defendant or an unwilling party plaintiff" because such a "procedural contrivance" would "subvert the purposes of the [Anti–Assignment] Act." *United States v. Shannon,* 342 U.S. 288, 293–94, 72 S.Ct. 281, 96 L.Ed. 321 (1952); *see also In re MMR Holding Corp.,* 98 Civ. 357, 2000 WL 1819443, at \*4 (M.D.La. Oct.27, 2000)(rejecting plaintiff's "somewhat desperate, yet creative attempt" to maintain its claim and circumvent the federal assignment ban by joining the assignor as a "defendant/involuntary plaintiff" under Fed.R.Civ.P. 19). Similarly, in this instance, proceeding with Saybolt as either a nominal defendant or an involuntary plaintiff would vest the present plaintiff with the power to do what it could not otherwise do under New Jersey's substantive law, *viz,* assert a claim that was assigned to it in violation of the anti-assignment rule. *Cf. Scheufler v. General Host Corp.,* 126 F.3d 1261, 1272 (10th Cir.1997)(affirming district court's refusal to allow ratification where ratification would amount to "an assignment of ... tort claims against defendant, a result that would have violated Kansas law"). Accordingly, since Saybolt has not been sub-stituted or joined as a willing plaintiff and has formally stated its objection to such substitution or joinder, the legal malpractice claim must be dismissed.

 Moreover, neither of the remaining claims set forth in the Second Amended Complaint survives the instant motion. The breach of legal fiduciary duty claim must be dismissed because it is just another variation of the legal malpractice claim, *see* Second Amended Complaint at ¶¶ 126–133 (setting forth allegations concerning Attorney Defendants' breach of "their fiduciary duties as lawyers"),[2] and therefore equally subject to New Jersey's assignment ban, and the breach of contract claim must be dismissed because, under New Jersey law, a claim for legal malpractice sounds squarely in tort, not contract. *See Alcman Servs. Corp. v. Samuel H. Bullock, P.C.,* 925 F.Supp. 252, 258 (D.N.J. 1996).

Accordingly, for the foregoing reasons, the Attorney Defendants' motion to dismiss the Second Amended Complaint is granted in all respects. Clerk to enter judgment.

---

**2.** Plaintiff suggests that the breach of fiduciary duty claim is actually governed by Delaware law, not New Jersey law, because Saybolt LP and Saybolt N.A. were Delaware entities at all relevant times. But the argument has no merit; the cases plaintiff cites for the proposition that the claim ought to be governed by Delaware law involve derivative actions for breach of fiduciary duty against corporate directors. *See O'Donnell v. Ferro,* 303 A.D.2d 567, 756 N.Y.S.2d 485 (2d Dep't 2003); *Katz v. Emmett,* 226 A.D.2d 588, 641 N.Y.S.2d 131 (2d Dep't 1996); *see also Hart v. General Motors Corp.,* 129 A.D.2d 179, 517 N.Y.S.2d 490 (1st Dep't 1987). While it is true that defendant Schreiber was a director of Saybolt N.A., plaintiff's breach of fiduciary claim alleges solely his breach of the fiduciary duty owed to a client by a lawyer, *see* Second Amended Complaint at ¶ 126–133, and does not even touch upon issues of corporate governance. Accordingly, New Jersey law, not Delaware law, governs the breach of fiduciary duty claim.