■ JANICE L. KEARNEY et al., Respondents, v NEUROSURGEONS OF NEW YORK et al., Defendants, and SETH L. NEUBARDT, Appellant. [817 NYS2d 502]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Seth L. Neubardt appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated April 26, 2005, which, after a hearing (Coppola, J.H.O.) on the issue of service of process, in effect, denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice. In July 2002 the plaintiffs' process server went to the administration building at Burke Rehabilitation Center (hereinafter Burke) in White Plains to serve the subject summons with notice upon the defendant Seth L. Neubardt. Neubardt is not an employee of Burke, but maintains an office in a building located within the Burke campus. Neubardt's office is located in building eight, which is separate from the main administration/hospital building where the process server allegedly delivered the subject summons with notice to Burke's Director of Safety and Security, Communications, and Transportation. After a hearing on the issue of service of process, the Supreme Court determined that service had been properly effected upon Neubardt. We reverse.

In relevant part, CPLR 308 (2) permits personal service on a natural person by delivering a copy of the summons within this state to a person of suitable age and discretion at the actual place of business of the person to be served and, within 20 days thereafter, mailing a copy of the summons to the actual place of business in a specified manner. CPLR 308 (2) requires strict compliance and the plaintiffs have the burden of proving, by a preponderance of the credible evidence, that service was properly effected (*see McCray v Petrini*, 212 AD2d 676 [1995]). Under the facts of this case, the plaintiffs failed to establish by a preponderance of the evidence that service was properly effected at Neubardt's actual place of business (*see West v Doctor's*

*Hosp.*, 198 AD2d 92 [1993]; *Glasser v Keller*, 149 Misc 2d 875 [1991]; *New York State Higher Educ. Servs. Corp. v Srebrenik*, 148 Misc 2d 837 [1990]). Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.