HENRY SAMUEL, Respondent, v BROOKLYN HOSPITAL CENTER, Defendant, and ANDERS J. COHEN, D.O., Appellant. [931 NYS2d 675]—

The plaintiff commenced this action against Brooklyn

Hospital Center (hereinafter BHC) and Anders J. Cohen, D.O., to recover damages for medical malpractice. In September 2008 and October 2008, the plaintiff's process servers went to the BHC building located at 121 DeKalb Avenue in Brooklyn to serve the subject summons and complaint upon Cohen. In September 2008, the summons and complaint were delivered to the supervisor of BHC's Health Information Management Department at 121 DeKalb Avenue. In October 2008, the summons and complaint were delivered to an individual who worked in BHC's Risk Management Department, which also was located at 121 DeKalb Avenue. During the times of the attempted service, Cohen was not an employee of BHC, but had privileges there, and maintained an office in a building located within the BHC campus. Cohen's office was located at 240 Willoughby Street, which is a separate building from 121 DeKalb Avenue; however, the two buildings are connected via a series of tunnels and corridors.

After a hearing on the issue of the validity of service of process, the Supreme Court determined that service had been properly effected upon Cohen. We reverse.

As relevant herein, CPLR 308 (2) permits personal service on a natural person "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business" of the person to be served and, within 20 days thereafter, mailing a copy of the summons to the actual place of business in a specified manner (CPLR 308 [2]). CPLR 308 (2) requires strict compliance and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made (*see Kearney v Neurosurgeons of N.Y.*, 31 AD3d 390, 391 [2006]; *McCray v Petrini*, 212 AD2d 676 [1995]). Under the circumstances of this case, the plaintiff failed to establish by a preponderance of the evidence that service was properly effected at Cohen's actual place of business (*see Kearney v Neurosurgeons of N.Y.*, 31 AD3d at 391; *West v Doctor's Hosp.*, 198 AD2d 92 [1993]; *Glasser v Keller*, 149 Misc 2d 875 [1991]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.