■ Ana Rosario, Respondent, v NES Medical Services of New York, P.C., et al., Appellants, et al., Defendants. [963 NYS2d 295]—

In an action, inter alia, to recover damages for medical malpractice, the defendants NES Medical Services of New York, P.C., Bonnie Simmons, Tatyana Polovenko, and Chaya D. Wald appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 6, 2011, as denied their motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant NES Medical Services of New York, P.C., on the ground of lack of personal jurisdiction; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing on, and a new determination of, that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant NES Medical Services of New York, P.C., on the ground of lack of personal jurisdiction.

CPLR 311 (a) provides that personal service on a corporation may be accomplished by, inter alia, delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" (CPLR 311 [a] [1]). A process server's affidavit of service constitutes prima facie evidence of proper service on a corporation pursuant to CPLR 311 (a) (1) (*see Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 764 [2012]; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d 784, 784 [2010]; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562, 562 [2007]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server affidavits" (*Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d at 764 [citation and internal quotations omitted]; *see Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984-985 [2010]; *Scarano v Scarano*, 63 AD3d 716, 716 [2009]).

Here, the affidavit of service of the plaintiff's process server describing service of process on the defendant NES Medical Services of New York, P.C. (hereinafter NES), constituted prima facie evidence of proper service on NES (*see Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d at 764; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d at 784; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d at 562). In support of that branch of their motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against NES on the ground of lack of personal jurisdiction, the appellants submitted an affidavit stating that the person served was neither employed by, nor authorized to accept service for, NES.

Where, as here, "there is a sworn denial of service by the defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" (*Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]; *see Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d at 764; *Verille v Kopic*, 304 AD2d 823, 823 [2003]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing on, and a new determination of, that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against NES on the ground of lack of personal jurisdiction.

The Supreme Court properly denied those branches of the appellants' motion which were pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendants Bonnie Simmons, Tatyana Polovenko, and Chaya D. Wald (hereinafter collectively the individual appellants), on the ground of lack of personal jurisdiction. "CPLR 308 (2) permits personal service on a natural person 'by delivering the summons within the state to a person of suitable age and discretion at the actual place of business' of the person to be served and, within 20 days thereafter, mailing a copy of the summons to the actual place of business in a specified manner" (*Samuel v Brooklyn Hosp. Ctr.*, 88 AD3d 979, 980 [2011], quoting CPLR 308 [2]). "A person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location" (*Selmani v City of New York*, 100 AD3d 861, 861 [2012]; *see Katz v Emmett*, 226 AD2d 588, 589 [1996]). "CPLR 308 (2) requires strict compliance and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made" (*Samuel v Brooklyn Hosp. Ctr.*, 88 AD3d at 980; *see Kearney v Neurosurgeons of N.Y.*, 31 AD3d 390, 391 [2006]; *McCray v Petrini*, 212 AD2d 676, 676 [1995]). Under the circumstances of this case, contrary to the appellants' contention, the Supreme Court correctly determined, in effect, that the plaintiff properly delivered copies of the summons and complaint to the individual appellants at their actual place of business, i.e., the location where they were physically present with regularity, and where they regularly transacted business (*see generally Selmani v City of New York*, 100 AD3d at 861; *Katz v Emmett*, 226 AD2d at 589; *see also Colon v Beekman Downtown Hosp.*, 111 AD2d 841 [1985]). Eng, P.J., Dickerson, Hall and Lott, JJ., concur.