■ DEBBIE WALTER et al., Appellants, v FALCONSTOR SOFTWARE, INC., et al., Respondents. [6 NYS3d 81]—

In a consolidated shareholders' derivative action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County

(Pines, J.), dated March 5, 2013, which granted the motion of the defendants FalconStor Software, Inc., Wayne Lam, James Weber, Eli Oxenhorn, Steven R. Fischer, Alan W. Kaufman, Irwin Lieber, James P. McNiel, Barry Rubenstein, and Patrick B. Carney, and the separate motion of the defendants Estate of ReiJane Huai and ShuWen Huai, as executor/fiduciary of the Estate of ReiJane Huai, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against each of them, and (2) a judgment of the same court dated March 14, 2013, which, upon the order, is in favor of the defendants and against them, dismissing the amended complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In this consolidated shareholders' derivative action, inter alia, to recover damages for breach of fiduciary duty, two groups of defendants made motions pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. As the parties agree, the laws of Delaware, the state of incorporation, govern the issues raised on this appeal (*see O'Donnell v Ferro*, 303 AD2d 567, 568 [2003]; *Katz v Emmett*, 226 AD2d 588, 589 [1996]). Delaware Chancery Court Rules rule 23.1 (a) provides that every shareholders' derivative complaint shall "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and the reasons for the plaintiff's failure to obtain the action or for not making the effort." A plaintiff's demand on the directors pursuant to rule 23.1 (a) will be excused "if the derivative complaint pleads particularized facts creating a reasonable doubt that (1) the directors are disinterested and independent or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment" (*Braddock v Zimmerman*, 906 A2d 776, 784 [Del Sup Ct 2006] [internal quotation marks omitted]; *see Aronson v Lewis*, 473 A2d 805, 814 [Del Sup Ct 1983]). Demand may also be excused in certain circumstances "where particularized factual allegations create a reasonable doubt that, as of the time the

complaint was filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand" (*Braddock v Zimmerman*, 906 A2d at 785; *see Rales v Blasband*, 634 A2d 927, 934 [Del Sup Ct 1993]). Here, the allegations of the amended complaint were insufficient to satisfy the pleading requirements of rule 23.1 (a). Accordingly, the Supreme Court properly granted the defendants' separate motions. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.