■ INTERNATIONAL PAINTERS, Appellant, v CANTOR FITZGERALD, L.P., et al., Respondents. [17 NYS3d 633]—

Judgment, Supreme Court, New York County, (Eileen Bransten, J.), entered April 10, 2014, dismissing the complaint with prejudice, and bringing up for review orders, same court and Justice, entered September 25, 2013 and on or about March 25, 2014, which, respectively, granted defendants' motion to dismiss the complaint and denied plaintiff's motion for reargument, unanimously affirmed, with costs.

This shareholder derivative action involving a Delaware corporation and governed by Delaware law was properly dismissed. Plaintiff failed to plead particularized facts that would, if proved, suffice to raise a reasonable doubt that defendant board members were disinterested and independent,

or that their approval of challenged transactions was other than the result of a valid exercise of business judgment, and, accordingly, failed to allege grounds for dispensing with a prelitigation demand upon the subject corporation's directors as an exercise in futility (*see* Del Ch Ct Rules, rule 23.1; *Aronson v Lewis*, 473 A2d 805 [Del 1984]). Plaintiff's argument, that the entire fairness standard applies and demand is excused whenever a transaction is between a corporation and its putative controlling stockholder, is inconsistent with controlling Delaware authority (*see Teamsters Union 25 Health Servs. & Ins. Plan v Baiera*, 119 A3d 44 [Del Ch 2015]; *but see Montgomery v Erickson Air-Crane, Inc.*, 2014 WL 2207409 [Del Ch, Apr. 15, 2014, No. 8784-VCL]). Concur—Tom, J.P., Andrias, Richter and Kapnick, JJ.