Rahhal v Downing (2018 NY Slip Op 00073)





Rahhal v Downing


2018 NY Slip Op 00073


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5369

[*1]Mai Rahhal, et al., Plaintiffs-Respondents,
v
Sarika Downing, R.N., et al., Defendants, Anacleta Villamor, R.N., et al., Defendants-Appellants.


Turken & Heath, LLP, Armonk (Jason D. Turken of counsel), for appellants.
Arnold E. DiJoseph, P.C. New York (Arnold E. DiJoseph, III of counsel) for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 29, 2017, which, to the extent appealed from, denied defendants-appellants' motion to dismiss the complaint pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction due to lack of effective service, unanimously affirmed, without costs.
Appellants are doctors and a nurse who were employed by defendant Bronx Lebanon Hospital at the time plaintiff commenced this medical malpractice action. Plaintiffs properly served appellants, as well as the hospital, by delivering copies of the summons and complaint to the hospital's Department of Risk Management and leaving them with the Coordinator of Risk Management, and thereafter mailing copies for each defendant.
Although appellants contend that their actual place of business is located in the Bronx Lebanon buildings where they provide medical services, for purposes of service of process pursuant to CPLR 308(2), Bronx Lebanon's Risk Management Office constitutes their "actual place of business" (see Colon v Beekman Downtown Hosp., 111 AD2d 841 [2nd Dept 1985]; see also Leung v New York Univ., 2016 WL 1084141, *8-9, 2016 US Dist LEXIS 34764, *27-29 [SD NY 2016]; Scheib v Curran, 227 AD2d 328 [1st Dept 1996], affd 89 NY2d 968 [1997]; cf. Glasser v Keller, 149 Misc 2d 875, 878-879 [Sup Ct, Queens County 1991], affd on opinion below 197 AD2d 561 [2nd Dept 1993]). The Risk Management Coordinator accepted service on behalf of defendant Bronx Lebanon, which was sued as the individual appellants' employer, to be liable for their actions pursuant to respondeat superior (see Leung at *8-9). The Risk Management Department was well suited to accept process on behalf of the hospital's employees (see Di Giuseppe v Di Giuseppe, 70 Misc 2d 188 [Civil Ct of the City of New York, NY County 1972] [personnel office]; Leung, supra [general counsel's office]).
In the cases relied on by appellants, the defendant doctors were not employed by the hospital where service was attempted, and thus service was not proper pursuant to CPLR 308(2) (see Samuel v Brooklyn Hosp. Ctr., 88 AD3d 979 [2d Dept 2011], lv
denied 19 NY3d 810 [2012]; Kearney v Neurosurgeons of N.Y., 31 AD3d 390 [2nd Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK