Glaubach v Slifkin (2019 NY Slip Op 02854)





Glaubach v Slifkin


2019 NY Slip Op 02854


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2016-01265
2016-01332
2016-08879
 (Index No. 702987/15)

[*1]Felix Glaubach, etc., respondent, 
v
David Slifkin, et al., appellants, et al., defendants.


Morrison Cohen LLP, New York, NY (Howard S. Wolfson and Y. David Scharf of counsel), for appellants David Slifkin and Trudy Balk.
Richard L. Yellen, New York, NY (Kenyon M. Moad of counsel), for appellant Robert Marx.
The Wilder Law Firm, New York, NY (Nick Wilder of counsel), for respondent.



DECISION & ORDER
In a shareholder's derivative action, the defendant Robert Marx appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated December 2, 2015, and the defendants David Slifkin and Trudy Balk separately appeal from (1) the order dated December 2, 2015, (2) an order of the same court dated December 7, 2015, and (3) an order of the same court dated July 22, 2016. The order dated December 2, 2015, insofar as appealed from by the defendants David Slifkin and Trudy Balk, granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3025 for leave to amend the complaint. The order dated December 7, 2015, insofar as appealed from, denied those branches of the motion of the defendants David Slifkin and Trudy Balk which were, in effect, pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action in the amended complaint insofar as asserted against them. The order dated July 22, 2016, insofar as appealed from, upon reargument, adhered to the determination in the order dated December 7, 2015, denying those branches of the motion of the defendants David Slifkin and Trudy Balk which were, in effect, pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action in the amended complaint insofar as asserted against them, and denied that branch of the motion of the defendants David Slifkin and Trudy Balk which was to stay the action pending the completion of an investigation by the audit committee of the board of directors of Personal Touch Holding Corp. The parties have stipulated to the withdrawal of the appeal by the defendant Robert Marx.
ORDERED that upon the stipulation of the parties dated October 12, 2018, the appeal by the defendant Robert Marx is dismissed as withdrawn; and it is further,
ORDERED that the order dated December 2, 2015, is affirmed insofar as appealed from by the defendants David Slifkin and Trudy Balk; and it is further,
ORDERED that the appeal from the order dated December 7, 2015, is dismissed, as that order was superseded by the order dated July 22, 2016, made upon reargument; and it is further,
ORDERED that the order dated July 22, 2016, is reversed insofar as appealed from, on the law, upon reargument, the determination in the order dated December 7, 2015, denying those branches of the motion of the defendants David Slifkin and Trudy Balk which were, in effect, pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action in the amended complaint insofar as asserted against them is vacated, those branches of the motion of the defendants David Slifkin and Trudy Balk which were, in effect, pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action in the amended complaint insofar as asserted against them are granted, and that branch of the motion of the defendants David Slifkin and Trudy Balk which was to stay the action pending the completion of an investigation by the audit committee of the board of directors of Personal Touch Holding Corp. is denied as academic; and it is further,
ORDERED that one bill of costs is awarded to the defendants David Slifkin and Trudy Balk, payable by the plaintiff.
Felix Glaubach (hereinafter the plaintiff) and the defendant Robert Marx co-founded Personal Touch Holding Corp. (hereinafter the corporation), a Delaware corporation and provider of home health care services, in 1974. The plaintiff served as the president and chief executive officer of the corporation until 2011, when the defendant David Slifkin became chief executive officer. After 2011, the plaintiff continued to serve as a special director of the corporation, and he and his immediate family owned in excess of 27% of the corporation's outstanding stock. The defendant Trudy Balk served as the corporation's vice president of operations, and Marx served as the chairman of the corporation's board of directors.
On November 21, 2014, a law firm retained by the corporation issued an investigation report concluding that the plaintiff had made inappropriate sexual comments to several female employees. According to a supplemental report by that law firm issued on December 4, 2014, the plaintiff retaliated against the female employees who provided information to the law firm. On November 25, 2014, the plaintiff hung a large painting of a grenade on the wall outside Marx's office, and reportedly announced to employees that the situation was "explosive" and that he did not know "when it is going to blow up."
Later that day, Slifkin and Marx notified the plaintiff that they had determined, with the advice of counsel, that as a result of his recent behavior, the plaintiff's continued presence at the corporation posed an immediate and continuing threat to the interests of the corporation and its employees, and that effective immediately, the plaintiff would not be permitted at the corporation's office pending a determination by the board of directors. At its next meeting on February 10, 2015, the board of directors ratified the suspension of the plaintiff's employment with the corporation. At the same meeting, the board of directors appointed an audit committee to investigate allegations made by the plaintiff that the corporation had improperly made payments to Slifkin, Balk, Marx, and other employees that were characterized as reimbursement of educational expenses, when the employees did not actually incur any such educational expenses.
On March 30, 2015, the plaintiff commenced this shareholder's derivative action on behalf of the corporation against, among others, Slifkin, Balk, and Marx. The first four causes of action alleged that Slifkin and Balk received "unauthorized compensation hidden as reimbursement of educational expenses" that they did not actually incur. The fifth through ninth causes of action alleged that Marx and other employees also received such unauthorized compensation. The tenth cause of action alleged that Slifkin and Balk "breached their fiduciary duty to the [corporation] by getting employees to make sexual harassment complaints against" the plaintiff in order to stop him from objecting to a severance package offered to Balk. The eleventh cause of action alleged that Slifkin and Marx's "ultra vires acts of barring [the plaintiff] from [the corporation's] office constitute[d] a breach of their fiduciary duty." The twelfth cause of action alleged that the defendants John D. Calabro, Lawrence J. Waldman, and Robert E. Goff were not properly elected to the board of directors. The thirteenth cause of action alleged that members of the board of directors breached their fiduciary duty by failing to investigate quickly enough the plaintiff's allegations of unauthorized and mischaracterized educational expense reimbursements.
Slifkin and Balk moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and Marx separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The plaintiff cross-moved pursuant to CPLR 305 and 3025 for leave to serve and file a supplemental summons and amended complaint, inter alia, adding the corporation and two entities related to the corporation as nominal defendants.
In an order dated December 2, 2015, the Supreme Court granted the plaintiff's cross motion pursuant to CPLR 305 and 3025 for leave to serve and file a supplemental summons and amended complaint, and upon considering Marx's motion as seeking dismissal of the amended complaint insofar as asserted against him (see Fagbuyi v Accredited Home Lenders, Inc., 140 AD3d 1011, 1012), denied Marx's motion. In an order dated December 7, 2015, the Supreme Court, upon considering the motion of Slifkin and Balk as seeking dismissal of the amended complaint insofar as asserted against them, denied that motion. In an order dated July 22, 2016, the Supreme Court, inter alia, upon reargument, adhered to the determination in the order dated December 7, 2015.
Marx perfected an appeal from the order dated December 2, 2015, and Slifkin and Balk separately perfected appeals from the orders dated December 2, 2015, December 7, 2015, and July 22, 2016. After Marx was subsequently awarded summary judgment dismissing the complaint insofar as asserted against him, and Slifkin and Balk were subsequently awarded summary judgment dismissing the tenth and eleventh causes of action insofar as asserted against them, the parties stipulated to the withdrawal of Marx's appeal, and Slifkin and Balk submitted a letter in which they limited their appeal to those issues which relate to the first through fourth causes of action insofar as asserted against them.
"New York choice-of-law rules provide that substantive issues such as issues of corporate governance, including the threshold demand issue, are governed by the law of the state in which the corporation is chartered—here, Delaware" (Lerner v Prince, 119 AD3d 122, 128; see Walter v FalconStor Software, Inc., 126 AD3d 885, 886-887; O'Donnell v Ferro, 303 AD2d 567, 568). "A basic principle of the General Corporation Law of the State of Delaware is that directors, rather than shareholders, manage the business and affairs of the corporation" (Spiegel v Buntrock, 571 A2d 767, 772-773 [Del Sup Ct]). "Nevertheless, a shareholder may file a derivative action to redress an alleged harm to the corporation" (id. at 773). " Because the shareholders' ability to institute an action on behalf of the corporation inherently impinges upon the directors' power to manage the affairs of the corporation the law imposes certain prerequisites on a stockholder's right to sue derivatively'" (id., quoting Kaplan v Peat, Marwick, Mitchell & Co., 540 A2d 726, 730 [Del Sup Ct]). "Chancery Court Rule 23.1 requires that shareholders seeking to assert a claim on behalf of the corporation must first exhaust intracorporate remedies by making a demand on the directors to obtain the action desired, or to plead with particularity why demand is excused" (Spiegel v Buntrock, 571 A2d at 773). A plaintiff must also plead with particularity the efforts that he or she made to obtain the desired action from the board of directors (see Del Ch Ct Rules Rule 23.1[a]; see also Business Corporation Law § 626[c] [New York statute containing similar requirements for shareholder's derivative actions]).
"When evidentiary material is considered [on a motion to dismiss pursuant to CPLR 3211(a)(7)], the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the plaintiff alleged in the amended complaint that, at a board meeting and in certain letters and emails, he demanded that the corporation's board of directors take action with respect to the allegations in the amended complaint. However, the board meeting minutes, letters, and emails that the plaintiff submitted in opposition to the motion to dismiss conclusively demonstrated that he did not demand that the board take any specific action, such as by filing suit (see Tomczak v Trepel, 283 AD2d 229, 230; Lerner v Prince, 36 Misc 3d 297, 311 [Sup Ct, NY County, affd 119 AD3d 122; Yaw v Talley, 1994 WL 89019, *7-8, 1994 Del Ch LEXIS 35, *25-26 [Del Ch Ct, Civ A No. 12882]). The plaintiff also failed to allege particularized facts indicating that [*2]such a demand would be futile (see International Painters v Cantor Fitzgerald, L.P., 132 AD3d 470, 470-471; Walter v FalconStor Software, Inc., 126 AD3d at 886-887; Katz v Emmett, 226 AD2d 588, 589). Moreover, even if the plaintiff had made a specific demand with respect to the causes of action relating to the payments characterized as reimbursement of educational expenses, these causes of action were premature, as the audit committee, which was appointed by the board of directors to investigate these allegations less than two months prior to the commencement of this action, had not completed its investigation (see FLI Deep Marine LLC v McKim, 2009 WL 1204363, *4, 2009 Del Ch LEXIS 56, *13-14 [Del Ch Ct, Civ A No. 4138-VCN]; Charal Inv. Co., Inc. v Rockefeller, 1995 WL 684869, *3; 1995 Del Ch LEXIS 132, *7-8 [Del Ch Ct, Civ A No. 14397]).
The plaintiff contends that to the extent that he is suing pursuant to Business Corporation Law § 720, which applies to foreign corporations pursuant to Business Corporation Law § 1317, he was not required to serve a demand upon the board of directors prior to suit or allege that such a demand would be futile (see Matter of Tsoukas v Tsoukas, 125 AD3d 872, 875; Conant v Schnall, 33 AD2d 326, 328). However, because the amended complaint indicates that the plaintiff is suing derivatively in his capacity as a shareholder, and not in his capacity as an officer and director, the demand requirement applies (see Galasso v Pioneer Home Improvement Corp., 52 AD2d 901, 902; see also Abrams Donati, 66 NY2d 951, 953; Bertoni v Catucci, 117 AD2d 892, 894).
Accordingly, upon reargument, the Supreme Court should have granted that branch of the motion of Slifkin and Balk which was, in effect, pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action in the amended complaint insofar as asserted against them (see CPLR 3211[a][7]).
In light of our determination, we need not reach the appellants' remaining contentions.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court