Elghanian-Halperin v Dimon (2025 NY Slip Op 01907)

Elghanian-Halperin v Dimon

2025 NY Slip Op 01907

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-01530
 (Index No. 60924/22)

[*1]Iren Elghanian-Halperin, etc., appellant, 
v
James Dimon, et al., defendants-respondents, JPMorgan Chase & Co., nominal defendant-respondent.

Pomerantz LLP, New York, NY (Gustavo F. Bruckner, Samuel J. Adams, and Ankita Sangwan of counsel), for appellant.
Sullivan & Cromwell LLP, New York, NY (Robert A. Sacks, Jonathan S. Carter, and Shane M. Palmer of counsel), for defendants-respondents James Dimon, Ashley Bacon, Mary Callahan Erdoes, Carlos Hernandez, Daniel E. Pinto, Gordon A. Smith, and Troy Rohrbaugh, and nominal defendant-respondent, and Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY (Bard S. Karp, Loretta E. Lynch, and Audra J. Soloway of counsel), for defendants-respondents Linda B. Bammann, Stephen P. Burke, Todd A. Combs, Timothy P. Flynn, Mellody Hobson, Michael A. Neal, Lee R. Raymond, James A. Ball, and Virginia M. Rometty (one brief filed).

DECISION & ORDER
In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated December 23, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants and the nominal defendant which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants James Dimon, Linda B. Bammann, Stephen P. Burke, Todd A. Combs, Timothy P. Flynn, Mellody Hobson, Michael A. Neal, Lee R. Raymond, James A. Ball, Virginia M. Rometty, Ashley Bacon, Mary Callahan Erdoes, Carlos Hernandez, Daniel E. Pinto, Gordon A. Smith, and Troy Rohrbaugh.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2020, the United States Department of Justice (hereinafter the DOJ) announced a deferred prosecution agreement with the nominal defendant, JPMorgan Chase & Co. (hereinafter JPMorgan), to resolve the DOJ's investigation into spoofing conduct in the markets for United States Treasury products and precious metals futures contracts. JPMorgan paid $920 million to federal regulators and entered into sets of regulatory resolutions with the DOJ, the United States Commodity Futures Trading Commission, the United States Securities and Exchange Commission, and the United States Treasury Department's Office of the Comptroller of Currency.
In January 2021, the plaintiff, a shareholder of JPMorgan, demanded that JPMorgan's board of directors (hereinafter the board) conduct an independent investigation into the spoofing schemes and take action to remedy any breaches of fiduciary duty by current and former directors and officers of JPMorgan, including the defendants James Dimon, Linda B. Bammann, Stephen P. [*2]Burke, Todd A. Combs, Timothy P. Flynn, Mellody Hobson, Michael A. Neal, Lee R. Raymond, James A. Ball, Virginia M. Rometty, Ashley Bacon, Mary Callahan Erdoes, Carlos Hernandez, Daniel E. Pinto, Gordon A. Smith, and Troy Rohrbaugh (hereinafter collectively the individual defendants).
In March 2021, the nonmanagement directors of the board adopted a resolution to refer the plaintiff's demand to the board's Markets Compliance Committee (hereinafter the MCC) for review and recommendation to the board. With the assistance of outside counsel Debevoise & Plimpton, LLP, the MCC conducted a six-month investigation of the plaintiff's demand. In reviewing relevant law and assessing whether litigation would serve the best interests of JPMorgan, the MCC "[c]onducted informational meetings, other discussions, and interviews with individuals with direct knowledge of various aspects of the spoofing-related matters and fiduciary-related issues" and "reviewed and analyzed more than twenty thousand documents and related materials." The MCC recommended that the board decline to pursue any litigation based on or arising from the plaintiff's demand, and the board voted to adopt the recommendation.
In May 2022, the plaintiff commenced this shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty, alleging, among other things, that the plaintiff's demand was wrongfully refused by the board because the demand was wrongfully referred to the MCC and that the MCC failed to interview federal regulators in connection with its investigation. The defendants and JPMorgan moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the individual defendants, arguing that the decision to refuse the demand was presumptively valid and protected by the business judgment rule. In an order dated December 23, 2022, the Supreme Court, among other things, granted that branch of the motion, determining that the plaintiff failed to overcome Delaware's wrongful refusal pleading standard. The plaintiff appeals.
"'New York choice-of-law rules provide that substantive issues such as issues of corporate governance, including the threshold demand issue, are governed by the law of the state in which the corporation is chartered—here, Delaware'" (Glaubach v Slifkin, 171 AD3d 1019, 1022, quoting Lerner v Prince, 119 AD3d 122, 128; see Walter v FalconStor Software, Inc., 126 AD3d 885, 886-887). "'A basic principle of the General Corporation Law of the State of Delaware is that directors, rather than shareholders, manage the business and affairs of the corporation'" (Glaubach v Slifkin, 171 AD3d at 1022, quoting Spiegel v Buntrock, 571 A2d 767, 772-773 [Del]). "'The decision whether to initiate or pursue a lawsuit on behalf of the corporation is generally within the power and responsibility of the board of directors'" (Drachman v Cukier, 2021 WL 5045265, *4, 2021 Del Ch LEXIS 259, *10 [Del Ch, C.A. No. 2019-0728-LWW], quoting In re Citigroup Inc. Shareholder Derivative Litig., 964 A2d 106, 120 [Del Ch]).
Before a stockholder can pursue derivative causes of action, Delaware Court of Chancery Rule 23.1 requires that the stockholder demonstrate "either (1) that the corporation's directors wrongfully refused a demand to authorize the corporation to bring the suit or (2) that a demand would have been futile because the directors were incapable of impartially considering the demand" (Drachman v Cukier, 2021 WL 5045265, *4, 2021 Del Ch LEXIS 259, *10-11; see Rales v Blasband, 634 A2d 927, 932 [Del]). Where, as here, "a stockholder elects to make a demand before filing suit, the stockholder has 'tacitly conceded the independence of a majority of the Board to respond to [the stockholder's] demand'" (Drachman v Cukier, 2021 WL 5045265, *5, 2021 Del Ch LEXIS 259, *11-12 [alteration omitted], quoting Levine v Smith, 591 A2d 194, 212-213 [Del]; see Spiegel v Buntrock, 571 A2d at 775-776). The decision of an independent and disinterested board to refuse the demand is subject to the business judgment rule (see Drachman v Cukier, 2021 WL 5045265, *5, 2021 Del Ch LEXIS 259, *12; City of Tamarac Firefighters' Pension Trust Fund v Corvi, 2019 WL 549938, *5, 2019 Del Ch LEXIS 49, *13 [Del Ch, C.A. No. 2017-0341-KSJM]).
However, "the plaintiff's tacit concession does not establish for all purposes the disinterest and independence of every member of the board. Instead, the plaintiff concedes only that the board as a whole would have been capable of considering a demand" (City of Tamarac Firefighters' Pension Trust Fund v Corvi, 2019 WL 549938, *8, 2019 Del Ch LEXIS 49, *19; see [*3]Spiegel v Buntrock, 571 A2d at 777). "The tacit concession doctrine does not go further and prevent a court from considering obvious conflicts or bias when evaluating a board's decision to delegate the demand-review process to a committee" (City of Tamarac Firefighters' Pension Trust Fund v Corvi, 2019 WL 549938, *8, 2019 Del Ch LEXIS 49, *20). Accordingly, here, the plaintiff may challenge the independence of the MCC, the board committee tasked with investigating the plaintiff's litigation demand.
Nevertheless, the plaintiff failed to allege facts sufficient to raise a reasonable doubt that the MCC or any individual director was conflicted (see City of Tamarac Firefighters' Pension Trust Fund v Corvi, 2019 WL 549938, *9, 2019 Del Ch LEXIS 49, *21-23; see also Scattered Corp. v Chicago Stock Exch., Inc., 701 A2d 70, 75 [Del]; Spiegel v Buntrock, 571 A2d at 777). The plaintiff failed to plead beyond broad and conclusory assertions that individual members of the MCC could not be independent based on the MCC's general oversight role in settlements with federal regulators. Similarly, the plaintiff's contention that there is reason to doubt the MCC's independence based on allegations that individuals at JPMorgan were uncooperative with investigators at early stages of the investigation is unpersuasive (see Espinoza ex rel. JPMorgan Chase & Co. v Dimon, 807 F3d 502, 506-507 [2d Cir]; Barkan v Amsted Indus., Inc., 567 A2d 1279, 1286 [Del]; Ironworkers Dist. Council of Phila. & Vic. Retirement & Pension Plan v Andreotti, 2015 WL 2270673, *26, 2015 Del Ch LEXIS 135, *87-91 [Del Ch, C.A. No. 9714-VCG], affd 132 A3d 748 [Del]). The plaintiff failed to allege with particularity that any of the individual members of the MCC deceived federal regulators and, in any event, mischaracterized the extent to which JPMorgan failed to cooperate.
In order to overcome the presumption of the business judgment rule and survive a motion to dismiss where a demand has been made and refused, a "'plaintiff must allege particularized facts that raise a reasonable doubt that (1) the board's decision to deny the demand was consistent with its duty of care to act on an informed basis, that is, was not grossly negligent; or, (2) the board acted in good faith, consistent with its duty of loyalty'" (Friedman v Maffei, 2016 WL 1555331, *9, 2016 Del Ch LEXIS 63, *24 [Del Ch, C.A. No. 11105-VCMR], quoting Ironworkers Dist. Council of Phila. & Vic. Retirement & Pension Plan v Andreotti, 2015 WL 2270673, *24, 2015 Del Ch LEXIS 135, *82-83). "The gross negligence inquiry focuses on whether the board properly informed itself of material information reasonably available to it before refusing the demand" (Andersen v Mattel, Inc., 2017 WL 218913, *4, 2017 Del Ch LEXIS 12, *10 [Del Ch, C.A. No. 11816-VCMR]; see Smith v Van Gorkom, 488 A2d 858, 872-873 [Del]). "A grossly negligent investigation is one where the board did not investigate at all or pursued 'such an inadequate investigation, in light of the seriousness of the demand, that a court may reasonably infer a breach of the duty of care'" (Andersen v Mattel, Inc., 2017 WL 218913, *4, 2017 Del Ch LEXIS 12, *10, quoting Ironworkers Dist. Council of Phila. & Vic. Retirement & Pension Plan v Andreotti, 2015 WL 2270673, *26, 2015 Del Ch LEXIS 135, *89). "[A] stockholder's criticisms regarding the types of documents reviewed or the persons interviewed in connection with an investigation do not rise to the level of gross negligence, because those choices are ones on which reasonable minds may differ" (Belendiuk v Carrión, 2014 WL 3589500, *6, 2014 Del Ch LEXIS 126, *20 [Del Ch, C.A. No. 9026-ML]).
"'Demonstrating that directors have breached their duty of loyalty by acting in bad faith goes far beyond showing a questionable or debatable decision on their part'" (Andersen v Mattel, Inc., 2017 WL 218913, *5, 2017 Del Ch LEXIS 12, *13, quoting Ironworkers Dist. Council of Phila. & Vic. Retirement & Pension Plan v Andreotti, 2015 WL 2270673, *27, 2015 Del Ch LEXIS 135, *92). "In order to adequately allege bad faith demand refusal, a complaint must plead particularized facts showing that 'the directors . . . acted with scienter, i.e., with a motive to harm, or with indifference to harm that will necessarily result from the challenged decision—here, that decision being rejection of the [p]laintiff's demand'" (id., quoting Ironworkers Dist. Council of Phila. & Vic. Retirement & Pension Plan v Andreotti, 2015 WL 2270673, *27, 2015 Del Ch LEXIS 135, *92-93).
Here, the complaint did not allege facts sufficient to raise a reasonable doubt that the board's investigation was not in good faith or was grossly negligent. The MCC conducted a six-[*4]month investigation with the assistance of outside counsel, which consisted of, among other avenues of investigation, a review of more than 20,000 documents and interviews with 27 relevant personnel members at JPMorgan. The board provided a detailed report of its findings to the plaintiff and explained why, based on a review of the totality of the circumstances, pursuing the litigation demand would not be in JPMorgan's best interest. The plaintiff's contention that the investigation was grossly negligent because individuals associated with federal regulators' offices were not interviewed is without merit (see Carro v Barra, 2018 WL 11357929, *5, 2018 US Dist LEXIS 244837, *12-14 [ED Mich, No. 16-10479]; Gould v Moynihan, 275 F Supp 3d 487 [SD NY]; see also Zucker v Hassel, 2016 WL 7011351, *9 n 100, 2016 Del Ch LEXIS 180, *26 n 100 [Del Ch, C.A. No. 11625-VCG], affd 165 A3d 288 [Del]; Ironworkers Dist. Council of Phila. & Vic. Retirement & Pension Plan v Andreotti, 2015 WL 2270673, *28, 2015 Del Ch LEXIS 135, *96-99). Delaware courts have specifically declined to follow the holding of City of Orlando Police Pension Fund v Page (970 F Supp 2d 1022, 1028 [ND Cal]), a United States District Court for the Northern District of California case applying Delaware law upon which the plaintiff relies, in a demand refusal context (see Zucker v Hassel, 2016 WL 7011351, *9 n 100, 2016 Del Ch LEXIS 180, *26 n 100; Ironworkers Dist. Council of Phila. & Vic. Retirement & Pension Plan v Andreotti, 2015 WL 2270673, *28, 2015 Del Ch LEXIS 135, *96-99). Further, even if Delaware courts had followed the holding of City of Orlando Police Pension Fund v Page (970 F Supp 2d 1022) and its progeny, the plaintiff failed to sufficiently plead, among other things, that federal regulators had information that was unique and unobtainable by the MCC without those interviews (see id. at 1032; Copeland v Lane, 2012 WL 4845636, *8, 2012 US Dist LEXIS 146815, *22-25 [ND Cal, No. 5:11-cv-01058 EJD]).
Accordingly, the Supreme Court properly granted that branch of the motion of the defendants and JPMorgan which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the individual defendants.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court